### R. P. DAVIS *v.* GEORGE W. JELKS.

A party must allege and prove some disturbance or danger of eviction even to require security from his vendor, and much more to stay an order of seizure and rescind the sale.

When a party after the sale perfects the title conveyed to him, he is only entitled to receive from his vendor a credit upon the price paid him, to the amount which it cost him to perfect his title.

APPEAL from the District Court of the Parish of Morehouse, *Mayo*, J.
*W. A. Carpenter* and *J. W. Boatner*, for plaintiff and appellant.    *Matthews & McFee*, for defendant.

SPOFFORD, J.   The plaintiff having bought of the defendant certain lots in the town of Bastrop, the latter procured an order of seizure and sale for the credit portion of the price, after the first installment had fallen due.

The plaintiff enjoined the order upon the allegation that he was defrauded in the purchase, and that the defendant, *Jelks*, was really not the owner of the lots, the title thereto being in the parish of Morehouse. He does not allege any eviction or even disturbance.

Since his petition in injunction was filed, it appears that the plaintiff has procured a relinquishment of the title of the parish of Morehouse in his own favor, at an expense of eighteen dollars. The District Judge, after giving plaintiff a credit for this sum, dissolved his injunction as to the balance of the defendant's claim, and the plaintiff has appealed.

Singular as the state of facts disclosed by the record appears, we are unable to say that the Judge erred. The vague allegation of fraud is only sustained by uncertain inference. And, as it would seem that the plaintiff got possession of the

lots, with some valuable improvements, by means of his deed from the defendant, he should have alleged and shown some disturbance or danger of eviction, even to require security from the defendant, and much more to stay the order of seizure and rescind the sale to himself. In acquiring title from the parish of Morehouse, he perfected the title which the defendant conveyed to him, and is only entitled to a credit for what it cost.

An amendment is asked for · by the appellee, because under the order of the seizure and sale, the defendant will have the right to retain from the proceeds the amount of the note for $183 33, due on the 1st March, 1858, which date is now past; by inadvertence this installment seems to have been omitted in the writ.

It is, therefore, ordered, that the judgment of the District Court dissolving the plaintiffs injunction be affirmed. And it is further ordered and decreed, that the judgment dissolving the said injunction be so amended as to order the Sheriff to proceed with the sale of the property seized, not only to satisfy the sum of one hundred and eighty-three dollars and thirty-three cents, with eight per cent. interest, from 1st March, 1857, till paid, and costs, but also to satisfy the further sum of one hundred and eighty-three dollars and thirteen cents, with eight per cent. interest from the 1st of March, 1858, with mortgage upon the property seized. It is further ordered, that the costs of this appeal be borne by the plaintiff and appellant.