January Term,
1861.

BAILEY
v.
SCOTT.

---

## BAILEY vs. SCOTT.

Where a vendee, with covenants of warranty, purchases an outstanding title, and thus perfects his title, the rule of damages for a breach of the covenant is the amount paid by him in perfecting his title.

Where an administrator was a non-resident and had neglected for ten years to take any proceedings in the settlement of the estate, and application was made, for these reasons, for the appointment of an administrator *de bonis non*, of the hearing of which due notice was published, and on the hearing such appointment was made, reciting that by reason of the facts stated, the appointment of an administrator *de bonis non* devolved upon the court: *Held*, that such appointment was not invalid for the want of an express removal of the first administrator, a revocation of his authority being necessarily implied by the new appointment.

January Term, 1861.

———————

BAILEY
v.
SCOTT.

APPEAL from the Circuit Court for *Rock* County.

*Geo. B. Ely*, for appellant.

*Sloan, Patten & Bailey*, for respondent; with whom was *H. K. Whiton*, as attorney for the creditors of Sprague's estate.

*By the Court*, PAINE, J.    This action was brought to foreclose a mortgage.   The defense set up was that it was given to secure half of the purchase money of certain land sold by the plaintiff to the defendant, with covenants of warranty, and that the title to an undivided half of the land had failed, and thereby the consideration had failed.

May 15.

It appeared on the trial that the plaintiff's title to this undivided half was derived through an administrator's sale, which, it seems to have been conceded, was invalid.   But an administrator *de bonis non* was subsequently appointed, who re-sold the lands of the estate, which were bid off by Whiton as a trustee of the creditors, and with an understanding that he would convey to the purchasers at the first sale for the same price at which he bid it off.   The plaintiff, by an agent, applied to Whiton to obtain his title to this land, so as to make good his conveyance to the defendant and make good his interest in this mortgage.   The defendant, at about the same time, applied to make the same purchase. And we are satisfied from the evidence, as was found by the court below, that Whiton conveyed to the defendant, upon an express agreement between the three parties, that the plaintiff's rights under the mortgage were to be preserved, deducting, however, from the amount to be paid on it, the amount of the consideration paid by the defendant to Whiton.   This was provided for in the judgment of the court below.   And it is not only sustained by the agreement of

the parties, but such would have been the rule of damages without any such agreement. We held in the case of *Hurd vs. Hall*, [12 Wis., 112] that when a vendee, with covenants of warranty, buys in an outstanding title, the rule of damages for the breach of his vendor's covenant, is the amount he has paid to perfect his title. And this case falls exactly within that decision.

But the counsel for the appellant claims that the title was not perfected by the purchase from Whiton, for the reason that the appointment of the administrator *de bonis non* was void. Wells, the first administrator, was a non-resident, and neglected to settle the estate. An application was made, upon petition setting forth these facts, for the appointment of an administrator *de bonis non*, and an order for hearing made and a notice duly published. On the hearing, the administrator *de bonis non* was appointed, and the order recited that " whereas the said Jabez R. Wells is not a resident of this state, and has not for more than ten years past made any report of his doings to this court, and has left said estate unsettled in full, by means whereof the granting administration of all and singular the goods, chattels and credits of said estate not administered, &c., doth belong to us." There can be no question that upon the facts stated in the petition and recited in the order, the probate court had full power to remove the first administrator, and appoint an administrator *de bonis non*. But the objection made by the appellant's counsel is, that no order was made expressly removing the first, but that it was assumed that his authority was at an end by reason of the facts stated. It may be conceded that if such order had been made, the proceedings would have been more accurate and formal, but we think there is nothing in it affecting the jurisdiction. The court adjudges the substance of what was necessary, by saying that for reasons authorizing it in law to remove the first administrator, the power to appoint another had devolved upon it. The appointment of the administrator *de bonis non* necessarily implies a revocation of the authority of the first. And where the record shows that the court has lawful authority to make such revocation and new appointment, and

the new appointment is made, we think it cannot be de- <span style="float:right">January Term, 1861.</span>
feated by the absence of a formal entry of such revocation.
Where there is jurisdiction, the only way to correct errors <span style="float:right">ALLEN</span>
<span style="float:right">v.</span>
or irregularities is by a direct appeal; the proceedings can- <span style="float:right">CASE et al.</span>
not be questioned collaterally. This has been too often de-
cided to require reference to authorities.

The appellant's counsel relied upon the recent decision
of this court in the case of *Sitzman vs. Pacquette.* But the
marked difference between that case and this is, that in that,
we held that the probate court had no authority in law to ap-
point an administrator *de bonis non* on the resignation of the
first, for the reason that the first could not resign. Its juris-
diction, therefore, failed. It acted where the law had not
authorized it to act. But that is not so here. In this case
the court had full authority to do what it did, upon the facts
presented in the record, and the only objection is that some-
thing necessarily implied by its action is not quite distinctly
enough expressed. No such objection can defeat the pro-
ceedings of any court when questioned collaterally.

The judgment is affirmed, with costs.