ELIZABETH ARRIGONI, EXECUTRIX, RESPONDENT, *v.* A. H. JOHNSON, APPELLANT.

NEW TRIAL—DECREE IN VACATION.—When the decision is rendered in vacation, the party desiring a new trial has twenty days from the filing of the decision within which to file a motion therefor.

MEASURE OF DAMAGES.—When a vendee, with covenants of warranty, buys in an outstanding paramount title, the measure of damages for breach of the vendor's covenant is the amount so paid.

APPEAL from Multnomah County.

This was an action on covenants contained in a deed made by S. N. Arrigoni during his life-time (June 22, 1865), to the south half of block two hundred and forty-nine in the city of Portland. The case came on to be heard on

August 13, 1875, at a regular term. After a jury had been impanelled and a portion of the testimony taken, counsel for the respective parties prepared, signed and presented a stipulation as follows: "Now at this time, the thirteenth day of August, 1875, the trial of this cause having been begun and a portion of the testimony taken, we, the undersigned attorneys for the parties, do hereby agree and stipulate: 1. The court may order the discharge of the jury without prejudice, and waive for each of us a trial by jury; 2. We agree and stipulate that the Hon. E. D. Shattuck, judge of this court, may take the case and decide it in the city of Portland, after the end of this term of the court, such judgment to be so rendered to have the same force and effect as if pronounced in term-time as of this term; 3. We further agree and stipulate that upon the day designated by his honor for further proceedings herein, either party may offer such further and additional proof as may be desired, the understanding being that the testimony already taken shall be regarded as in the case, subject, however, to the exceptions asked and allowed by and to either party, with the right to plaintiff and defendant to offer further testimony; 4. We agree and stipulate that the hearing shall be had at Portland, on the tenth day of September, 1875, or such other day as the court may order." Pursuant to this stipulation the case was tried, the final agreement and submission taking place on September 15, 1875. Two days thereafter the court rendered a decision and judgment in favor of Johnson, for thirty-three hundred and fifty-five dollars and twenty-nine cents with legal interest, and also ordered that defendant have ten days within which to file bill of exceptions.

On September 28, 1875, plaintiff caused the decision and judgment to be filed in the office of the clerk of Clatsop county, and that officer entered the same in the journal of the court. On the same day an execution was issued and levy was made on a certain amount of gold coin which had been previously attached (May 26), and the execution was returned October 1, fully satisfied. On October 13, respondent filed motion to set aside the decision and for a

new trial. After due consideration of the argument thereon the court, on February 1, 1876, set aside the judgment and granted a new trial. This the appellant charges as error. The re-trial of the cause resulted in a judgment in appellant's favor for eighteen hundred dollars and seventy cents.

It is alleged that at this second trial the court committed three errors: 1. In refusing to admit testimony offered by appellant to show the value of the four fifths of south half of block 249; 2. In permitting respondent, for the purpose of reducing the value of lots 4, 5, 6, 7, 8 and 9, in block 1 in Johnson's addition to Portland, to prove that it would require a large expenditure of money to grade and construct a street adjacent to lots 4, 5 and 6; 3. In rendering a judgment for eighteen hundred dollars and seventy cents in currency.

*Page and Yocum,* for appellant.

*W. W. Upton and W. H. Effinger,* for respondent.

By the Court, McARTHUR, J.:

In considering the first error complained of, it is necessary to construe the stipulation. By the second paragraph of that instrument the counsel agreed that the case, after being taken from the jury, should be tried by the judge at his chambers in Multnomah county, during vacation between the terms of the circuit court held in and for Clatsop county, and that the judgment so rendered by him should have the same force and effect as if pronounced at the term which was being held at the time the stipulation was signed.

Counsel for appellant contended that as the judgment to be rendered at chambers was to have the same force and effect as though rendered during term time, the motion for a new trial filed on October 13, 1875, was a violation of the stipulation, for the reason that the code (sec. 233), limits the time for filing a motion of that character, when the decision sought to be set aside has been rendered or giving during term, to one day. This position is illogical and incorrect. The stipulation must be construed with reference to the object to be attained, which was simply to give the

judge the power to hear and determine the cause at his chambers in another county, and to give the judgment rendered the force and effect, which it would have had if it been rendered during term time. As there is no question raised as to the right of the judge to hear and determine an action at law in another county than that in which it was brought, we shall assume for the purpose of this case, that such a cause may be taken where a stipulation to that effect is signed by the parties, and duly filed.

By the use of the words "such judgment to be so rendered, to have the same force and effect as if pronounced in the term time as of this term," the parties simply agreed that they would not question the regularity of the judgment upon the ground that it was entered in vacation, but would regard it as binding upon themselves and upon the subject-matter of the action, as though it were a judgment entered during a regular term.

That is, that they would respect it as a valid judicial judgment, given by a competent judge or court, at a time and place appointed by law. The language employed cannot possibly be construed as having reference to the time within which either party should file a motion for a new trial, for that is a matter entirely extraneous to, and in no manner connected with, the force and effect of a judgment. We are of opinion that the respondent had a legal right to avail herself of the provision of the code (sec. 234), allowing twenty days from the filing of a decision rendered in vacation, in which to file a motion for a new trial. The decision was filed on September 28, 1875, the motion for a new trial was filed October 13, 1875, which was within the time allowed by law in such cases. By entering the judgment immediately upon filing the decision the respondent could not be defeated of her right to file a motion for a new trial. Indeed the immediate entry of the judgment by the clerk, was in contravention of section 262, subd. 4 of the code. We are unable to discover any error whatever in the filing of the motion for a new trial, or in the order of the court granting the same.

The first error complained of on the retrial was the re-

fusal of the court below to admit testimony offered by appellant tending to prove the value of the four fifths of the south half of block 249. To reject such testimony in this case was not error, because the value of the land conveyed by Arrigoni, during his life-time, to the appellant was not an issue in the case. Appellant had bought in the outstanding paramount title, and when a vendee with covenants of warranty buys in an outstanding paramount title, the measure of damages for breach of the vendor's covenant is the amount so paid. (*Hard* v. *Hull*, 12 Wis. 112; *Bailey* v. *Scott*, 13 Wis. 618; *Fawcett* v. *Woods*, 5 Iowa, 400; *Lawless* v. *Collier*, 19 Mo. 480; Rawle on Cov. 65–80.)

The court below, notwithstanding an objection, permitted the respondent to show that it would require a large expenditure of money to grade and construct a street adjacent to lots 4, 5, and 6, in block 1 of Johnson's Addition. The admission of such evidence is charged as error. It was admitted that the value of the land to which the title failed was more than the value of lots 4, 5, 6, 7, 8, and 9, in block 1 of Johnson's Addition, and which the appellant exchanged to quiet the outstanding title to the south half of block 249. The appellant could only recover the value of those lots. They were located upon an addition to the city of Portland, and were dealt with as, and were admitted to be, town lots, and we are of opinion that it was not error to admit evidence tending to show their nearness to the city of Portland, and to the streets, and the cost of grading and constructing streets adjoining them, for in that way only could their value as town lots be properly ascertained.

The question of the right to a judgment for gold coin is settled by reference to the character of the action. It does not sound in contract, hence the judgment could only be for money generally, and such judgments are satisfied by the payment of legal tender notes.

Judgment affirmed.