## W. B. DENSON v. H. O. AND JAKE LOVE.

(Case No. 1349.)

1. MEASURE OF DAMAGES ON BREACH OF WARRANTY.— In a suit upon a note given for land, the vendee cannot prevent a recovery upon the ground of failure of title, when he has purchased a paramount outstanding title to a portion of the land before eviction, but will be allowed the cost and expenses of his purchase of such outstanding title.
2. SAME.— An outstanding title purchased by a vendee while he remains in possession inures to the benefit of the vendor.

APPEAL from San Jacinto. Tried below before the Hon. Edwin Hobby.

In 1877 J. W. Davis and his mother, Amanda Davis, sold to appellees a certain tract of land situated in San Jacinto county, estimated to contain two hundred and ninety-five acres, upon which there was a farm which the Davises, the vendors, had been cultivating for about twenty-five years, for which the appellees gave their five promissory notes for $354 each, due in one, two, three, four and five years, with interest from maturity. The note sued on was the last, due in November, 1881. This note was transferred from J. W. Davis, to whom it was payable, to Amanda Davis, and by A. Davis to appellant, in August, 1881.

In the winter of 1879 and 1880 the appellant, who was acting as agent for A. Davis, visited appellees, and was told by H. A. Love that they had been required to buy an outstanding title against fifty-seven acres of the land from W. T. Hill, for which they had paid about $70. Appellant claimed that they should not have purchased the title, that they already had a good and sufficient title to the land; that A. Davis thereafter, in August, 1881, transferred the note for a valuable consideration to appellant, who at maturity demanded payment, which being refused, suit was brought thereon for the debt and foreclosure of lien on the land. Appellees answered failure of consideration, failure of title to fifty-seven acres of the land, claiming it to have been public domain at time of purchase; that they had purchased the land by the acre at $6 per acre, and that instead of two hundred and ninety-five acres there were only two hundred and eighty acres; that the fifty-seven acres claimed to have been vacant land at time of purchase were the chief inducement in making the purchase, and denied having made the agreement to have the note credited and to pay balance of the purchase money as claimed by the plaintiff. At the November term of the district court, 1882, the cause was submitted to a jury. Verdict and judgment rendered for appellees.

The following errors were assigned:

1. The court erred in overruling plaintiff's demurrer and exceptions to defendant's first amended original answer, because said answer showed that appellees had gone into possession of the land under a deed from J. W. and A. Davis, and had subsequently thereto purchased an outstanding title to the fifty-seven acres in controversy, at a cost of $76.50.

2. The court erred in refusing to give special charges, marked one, two, three and four, asked by appellant.

Appellant's brief contains the special charges refused.

*W. V. Lea,* for appellant.

I. An outstanding title purchased by a vendee of land in possession under a title deed inures to the benefit of the vendor, and in a suit by the vendor for the purchase money, the vendee cannot prevent a recovery upon ground of failure of title, but will be allowed the cost and expenses in purchase of the outstanding title. The cost of the Hill title, as shown by the deed which was made a part of the amended answer, was $76.50, and the pleadings showed that amount had been credited, and was offered to be credited, to appellees on their note. Brandt *v.* Foster, 5 Iowa, 294; Ash, Adm'r, *v.* Hohler, 36 Mo.; Hurd *v.* Hall, 12 Wis., 112; Bailey *v.* Scott, 13 Wis., 618; Fawcett *v.* Woods, 5 Iowa, 400; Lawless *v.* Collier, 19 Mo., 480: Price *v.* Blount, 41 Tex., 473; Sedgwick on Damages, p. 198, note 2; Rawle on Covenants, 83, 44.

II. When a vendee of land buys in an outstanding or paramount title, the rule of damages for the breach of the vendor's covenants in the deed is the amount so paid. The second special charge asked is as follows: "In this case the plaintiff asks the court to charge the jury that an outstanding title purchased by a vendee in possession under a deed inures to the benefit of the vendor. In a suit upon a note given for such land, the vendee cannot prevent a recovery upon the ground of failure of title, but will be allowed the cost and expenses of his purchase of such outstanding title. If in this case the jury finds that defendants went into possession of the land described in plaintiff's petition under the Davis deed, and did thereafter, while in said possession, purchase an outstanding or superior title to said land from Hill and wife, then defendants are entitled to a credit of the cost and expenses of said title upon the purchase money notes of said land, and no more, and may claim said credit upon the note sued on." Same authorities as under first proposition under first assignment of error; also Sedgw. on Dam., p. 196.

*Davis & Sayles,* for appellees.

. . . III. The court did not err in refusing to give the several charges in said assignment referred to, because the same were not the law of the case arising on the facts in evidence. Rogers *v.* Daily, 46 Tex., 582; Mitchell *v.* Zimmerman, 4 Tex., 78, 81–83; Cooper *v.* Singleton, 19 Tex., 263; id., 50; id., 266; Raines *v.* Calloway, 27 Tex., 685; Demaret *v.* Barrett, 29 Tex., 267; Austin *v.* Ewell, 25 Tex. Sup., 407; Wheeler *v.* Styles, 28 Tex., 242; 26 Tex., 358; Spier *v.* Laman, 27 Tex., 215, and 20 Tex., 256.

IV. There was no error in refusing to give the special charges as asked, because the general charge given by the court covered all essential points and met the equities of the case. Same as under last proposition; also Perry v. Rice, 10 Tex., 367; id., 511; Mays v. Lewis, 4 Tex., 38; Green v. Chandler, 25 Tex., 148–161; York v. Gregg, 9 Tex., 85 (arguendo); Hill v. Still, 19 Tex., 84, 85; Hart v. Bullion, 48 Tex., 290; 46 Tex., 582.

V. The law of innocent purchaser for value of a note transferred before maturity and without notice was not applicable to the facts, and if so, appellant should have asked this additional instruction at the trial. Appellant was agent of the vendors in seeking to collect the note prior to the time he says he purchased it, and knew of the difficulty between the original parties to it as early as November, 1879. He purchased the note in August, 1881. Besides, the face of the note shows the consideration thereof to be the sale of land, and thereby the assignee was put on inquiry, which bound him the same as notice in the event of failure of title. Rev. Civ. Stats., arts. 265–272; Martel v. Somers, 26 Tex., 560; Hawley v. Bullock, 29 Tex., 222; Hines v. Perry, 25 Tex., 452; McAlpin v. Burnett, 23 Tex., 650; Givens v. Taylor, 6 Tex., 321; 25 Tex., 695; 51 Tex., 42; Wade on Notice; Hines v. Perry, 25 Tex., 452; Roosevelt v. Davis, 49 Tex., 463.

WILLIE, CHIEF JUSTICE.— We deem it necessary to notice only one of the errors assigned, and that is the refusal of the judge below to give the second special charge asked by appellant's counsel. This charge fixed the measure of damages upon failure of title conveyed by a warranty deed, when the paramount title had been bought in by the vendee, at the amount of expense incurred by the latter in making the purchase and perfecting his title.

The facts proved upon the trial established this state of case, and if the principle of law involved in the instruction asked is correct, the court should have given it either in the general charge, or upon request of the appellant's counsel. It was not included in the general charge, but the measure of damages was stated in it to be the value of that portion of the land to which the title failed, if not more than the amount of the note sued on. Under the circumstances of the contract as testified by the defendant, this might have been the true measure of damages upon eviction, or where there had been no extinction of the paramount title for the benefit of appellees. But the rule as established by the great weight of authority, in fact the almost universal rule, where such extinction has

occurred at the expense of the vendees, is that stated in the special charge refused by the court. A few may be cited. Sedgw. on Measure of Damages, marg. p. 174; Rawle on Covenants of Title, p. 100; Field on Damages, p. 396; Loomis v. Bedel, 11 N. H., 74; Fawcett v. Wood, 5 Iowa, 400; Bailey v. Scott, 13 Wis., 618; Hurd v. Hall, 12 Wis., 112; Lawless v. Collier, 19 Mo., 480.

It has been authoritatively decided to be the proper measure of damages by the supreme court of this state in the case of McClellan v. Moore, 48 Tex., 355, a case almost exactly like the present in the nature of the contract of purchase and the circumstances under which the superior title was acquired and extinguished. It is therefore not an open question in our courts. Under the evidence adduced upon the trial, the utmost limit of the damages which the defendants below were entitled to claim was the $76.50 paid for the Hill title to be credited upon the note sued on at date of the payment. In this the deficit in the quantity of land conveyed is not taken into consideration. That involves a question of fact as to boundaries, to be determined upon another trial of the cause. It appears by undisputed proof made below, that $70 of the above amount was credited on the note at the proper time, and appellant in his petition offered to credit the other $6.50 of the same date. So far, then, as any question of damages arising from a breach of the warranty of title was concerned, he was entitled under a proper charge to recover the amount claimed upon the note, which is equivalent to allowing that amount with interest from the date of payment.

As to the error assigned upon the refusal of the court to grant a new trial on account of newly discovered testimony, the point cannot be of practical importance upon a new hearing of the cause, and we refrain from commenting upon it.

For the error of the court in refusing the above special charge asked by appellant, the judgment is reversed and the cause remanded.

Reversed and rendered.