CASE 10—PETITION EQUITY—JANUARY 15.

## Smith, &c., Adm'rs, v. Meek.

APPEAL FROM PENDLETON CHANCERY COURT.

CONTRACTS—CONSIDERATION.—M. owned a life estate in one-third of a tract of land, the remainder belonging to her children. L. made a verbal contract with her to give her $1,800 for the land, if she would have it sold by a decree of the circuit court. Pursuant to that agreement she did have it sold, and at the commissioner's sale L. purchased the land for $1,460, which he paid, and received a deed from the commissioner. M. seeks to recover on the note for $1,800. *Held*— That the consideration for the agreement was sufficient, and that the plaintiff is entitled to recover on the note, subject to a credit of $1,460.

MARTIN & RATCLIFFE FOR APPELLANT.

The contract between appellee and appellants' intestate is not enforceable because of the want of mutuality. Appellee had no power to contract for the sale of her infant's real estate, and signed no writing to bind herself.

LESLIE T. APPLEGATE FOR APPELLEE.

1. The appellee had the right to maintain this action in her own name. (Civil Code, sec. 21.)

2. As appellee had a right to make a contract for the benefit of her wards, and appellants' intestate got all he was to have by the terms of the contract, he should be required to pay what he agreed to pay for the land.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

On the 18th day of November, 1881, Wm. A. Long, now deceased, executed to appellee his promissory note for one thousand and seventy-five dollars, due May 1, 1882. On the same day he executed to appellee another promissory note for seven hundred and forty-two dollars and fifty cents, due May, 1883. Both notes recite that they were given in consideration of a tract of land, and that they were to be void if a deed was not made to the land.

Appellee brought suit on these notes against the appellants, as the administrators of Wm. A. Long. Their answer to the suit discloses the fact that the notes were given for the purchase price of a tract of land which belonged to the children of the appellee, she owning a life interest, or dower, in one-third of the land. That it was agreed between appellee and Long that he would give to the appellee eighteen hundred dollars for said land, provided she would have it sold by a decree of the circuit court. That she, pursuant to said agreement, did have the land sold by a decree of the circuit court, and, at the commissioner's sale, Long bought the land at the price of fourteen hun dred and sixty dollars, which he paid to the commissioner. That the court confirmed the sale, and the commissioner made him a deed to the land, which

was approved by the court. It also appears that the sale of the land, under the decree of the court, has never been disturbed. The appellants now contend, that as the appellee owned only a life interest in one-third of the land, and as the contract between her and Long was verbal, it, the contract, was void; and the notes were, therefore, without consideration, and not binding.

The agreement in effect was, that if appellee would have the land sold by a decree of the court, Long would give eighteen hundred dollars for it, and to that end executed to appellee his notes for that amount. The appellee, pursuant to that agreement, did procure a sale of the land by a decree of court. Long purchased it for the sum of fourteen hundred and sixty dollars, and received the commissioner's deed for the land. He agreed to give appellee eighteen hundred dollars for the land if she would procure a sale of it by a decree of court, whereby he could obtain a good title to the land. This appellee did. Long, pursuant to this agreement, bought the land at the sale, and received a good title for it. Now, it seems to us, that the consideration for the agreement was sufficient.

Therefore, the lower court did right in giving judgment for the appellee, against the appellants, as administrators of Wm. A. Long, on the notes, subject to a credit of fourteen hundred and sixty dollars, the price bid for the land at the commissioner's sale.

The judgment is affirmed.