## N. BUTLER v. J. E. BROWN.

### No. 6657.

1. **Certificate of Acknowledgment.**—The failure of the officer to certify that the grantor executed the deed for the *purposes* expressed therein does not affect the legality of the certificate of acknowledgment.

2. **Use of Certified Copy of Recorded Deed.**—An affidavit of the loss of the original is a sufficient basis for the introduction of a certified copy from the record of such deed.

3. **Identity of Land Sued for.**—See testimony insufficient to identify land sued for with that for which title was exhibited in evidence.

4. **Case Adhered to.**—Catlett v. Starr, 70 Texas, 485, adhered to.

APPEAL from Tom Green.   Tried below before Hon. J. C. Randolph.
The opinion sufficiently states the case.

*Mays & Wright,* and *West & McGown,* for appellant.— 1.   The court
erred in admitting, over objection of defendant's counsel, record of deed
from Southern Pacific Railway Company to Hall, Scott, and Pope, trus-
tees, dated August 7, 1860, purporting to convey 400 sections of land in
Bexar and Milam land districts, in the State of Texas; because:

(1) The affidavit of the loss of the original as filed in this cause is in-
sufficient, in that it does not show any search made for said original deed
by plaintiff from the proper custodians thereof or their representatives;
and further, that it does not describe the deed in question.

(2) It can not be determined from the description of said deed whether
or not it conveys the land sued for and described in plaintiff's petition.

(3) The certificate of acknowledgment thereto is defective in this, that
it does not show that the deed was executed for the purposes as well as
for the considerations therein expressed. Vandergriff v. Piercy, 59 Texas,
372; Bray v. Aikin, 60 Texas, 691; Dunn v. Choate, 4 Texas, 14; Kauf-
man v. Shellworth, 64 Texas, 180; Hooper v. Hall, 30 Texas, 159; But-
ler v. Dunagan, 19 Texas, 566; Crayton v. Munger, 11 Texas, 235.

2.   The deed from the Southern Pacific Railway to Hall and others,
without the aid of extrinsic evidence, was insufficient to convey the land
in controversy because of uncertainty of its description; and there being
no evidence to explain the ambiguity it ought to have been excluded.
Catlett v. Starr, 70 Texas, 485; Norris v. Hunt, 51 Texas, 610; Wofford
v. McKinna, 23 Texas, 36; Allday v. Whitaker, 66 Texas, 671.

3.   The record of field notes of Wm. Thaxton, deputy surveyor of Tom
Green County, of survey No. 167 is irrelevant and incompetent, because
it in no way refers to the lands described in the deed to Hall and others.

No brief on file for appellee.

HENRY, ASSOCIATE JUSTICE.— This was an action of trespass to try
title to 640 acres of land lying in Tom Green County, brought by appellee.
The defendant pleaded not guilty.   The plaintiff recovered.

As part of his title the plaintiff read in evidence a deed from the South-
ern Pacific Railway Company to M. J. Hall, W. T. Scott, and Alexander
Pope for land described as follows:  "Four hundred sections, making
about the quantity of 256,000 acres, situated in the land districts of Milam
and Bexar of said State, located and surveyed for said company by H. Wick-
land, surveyor, the field notes of the surveys of which are on file in the
General Land Office at Austin, Texas, to which reference is here made
for greater certainty, being the same lands to which said company is en-

titled as a bonus from the State of Texas for constructing the first 25 miles of the Southern Pacific Railway."

The acknowledgment of this deed omitted to state that the deed was executed for the "purposes" expressed therein.

The plaintiff read in evidence a copy of patent No. 342, volume 6, for survey No. 167 in Bexar County, further described by metes and bounds, and issued by the State to the Southern Pacific Railway Company.

The plaintiff further deraigned his title to the land described in said patent through an administrator's sale, without any evidence of a deed from the administrator to the purchaser, but showing the appointment of the administrator, an order, report, and confirmation of sale. These things, together with evidence of the payment of the purchase money, are sufficient to show an equitable title in the purchaser and sufficient to maintain this action.

The purchaser of the section represented by patent No. 342 is shown by the administrator's report to have purchased at the same sale six other sections, and the report further shows that the whole amount of purchase money for the seven sections was $463.80, upon a credit of twelve months. The only evidence of payment of the purchase money shown by the record is found in a report of the administrator showing that a little more than a year after the sale he received from the purchaser of said seven sections of land the sum of $513.60, without there being anything but dates and amount to show that the payment was the purchase money for this land.

Without deciding that the presumption may not be indulged in this case that the money reported to be collected was the price of the land, it would be more satisfactory, in the absence of a deed from the administrator to the purchaser, either to show such payment by more direct evidence or account for its nonproduction. This should be done on another trial of the cause.

In the case of Monroe v. Arledge, 23 Texas, 478, this court held that the omission from a certificate of acknowledgment of a deed of the word "consideration" did not invalidate the certificate. In the opinion in that case Justice Roberts says: "The object sought to be attained mainly in the authentication of an instrument for record is the ascertainment of the fact that the grantor did execute it. When it is authenticated by the proof of a witness who saw it executed, it is only necessary for him to state on oath that he saw the grantor 'subscribe the same,' without stating anything about the consideration. It is not necessary for the validity of a deed that the real consideration upon which it is made should be therein stated, and indeed such is very often not the case. Nor would an acknowledgment by him for record in strict compliance with the statute preclude him from showing that the consideration and purposes of the deed were other and different from the purposes therein stated. This then is a formal

part of the certificate, which for the sake of regularity should be inserted, but its omission does not invalidate the certificate."

While the relative importance in an acknowledgment of the purposes of a deed may be admitted to be greater than an. acknowledgment of its consideration, it is well settled in this State that the statement of the purposes is not more conclusive and is as much the subject of proof upon some issues as is the consideration.

We think that the well reasoned conclusions of this opinion are as applicable to the case before us as they were to the one then being decided, and must now be held conclusive of it.

Plaintiff, as a predicate for the introduction in evidence of certified copies of duly recorded deeds, filed an affidavit of the loss of the originals.

This affidavit was sufficient to warrant the introduction of the certified copies.

The patent fails to identify the land for which it was issued as being part of the land conveyed by the deed of the railroad company to Hall, Scott, and Pope, and plaintiff offered no other evidence to connect the patented land with that conveyance. He offered, over the objections of defendant, a certified copy of the field notes of the land in controversy from the surveyor's office of Tom Green County. If this evidence was offered for the purpose of identifying the land included in the patent with that conveyed by the deed to Hall and others, it entirely failed to have that effect. Such evidence of identity doubtless can be, and if it can be should be, produced. Unless it is, it was decided by this court in the case of Catlett v. Starr, 70 Texas, 485, when the same question was before the court, that plaintiff can not recover.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered May 20, 1890.