## MARCIANO ARIOLA ET AL. v. L. NEWMAN.

Decided October 14, 1908.

**1.—Deed—Certificate of Acknowledgment.**

A certificate of acknowledgment to a deed dated in 1882, by a proper officer, which, besides the formal parts, simply states that the grantor appeared before the officer "and acknowledged the execution of the annexed deed," is sufficient proof of its execution and to admit the same to record. It is not necessary that the certificate should state that the grantor acknowledged that he executed the deed "for the purposes and considerations therein expressed."

**2.—Appeal—Assignment of Error.**

An appellant will be confined upon appeal to the precise objection to evidence specified in the proposition under an assignment of error based upon the admission of evidence.

**3.—Deed—Acknowledgment—Act of 1907.**

A defective acknowledgment to a deed is cured by the Act of the 30th Legislature (Gen. Laws, 1907, page 308) so far as an adverse claimant of the land is concerned, when the deed has been on record for ten years prior to the assertion of such adverse claim, and this, though possession was taken under the adverse claim prior to the enactment of said statute. There can be no constitutional objection to the enactment of a retroactive rule of evidence.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*Ingraham, Middlebrook & Hodges,* for appellants.—The court erred in permitting the plaintiff to introduce in evidence, over defendant's objection, a deed from N. Buckland and wife to Newman Brothers and Rivet, dated November 16, 1881, filed for record January 22, 1882, for the land involved in this suit, because the deed had not been properly acknowledged and was improperly recorded, the acknowledgment being: "The State of Indiana, county of Noble. Before me, Thos. L. Graves, a notary public in and for said county, this 16th day of November, 1881, N. Buckland and Mary L. Buckland acknowledged the execution of the annexed deed. Witness my hand, etc. Thos. L. Graves, notary public." Sayles' Civ. Stats., arts. 4620 and 4621; McKie v. Anderson, 78 Texas, 207; Frost v. Erath Cattle Co., 81 Texas, 510; Threadgill v. Bickerstaff, 7 Texas Civ. App., 406; Davidson v. Wallingford, 88 Texas, 619; Sowers v. Peterson, 59 Texas, 219; Butler v. Brown, 77 Texas, 342; Stephens v. Motl, 81 Texas, 115; Moores v. Linney, 2 Texas Civ. App., 293; Thompson v. Johnson, 84 Texas, 548.

The undisputed facts in this case being that defendants had a deed

to the land in controversy, dated December 13, 1906, duly recorded in Nacogdoches County; that they immediately went into possession of the land under it and lived upon it from then until the day of the trial of this cause; that the amendment to article 2312, by chapter 165, of the Acts of the Thirtieth Legislature, p. 308, did not go into effect until July 12, 1907; that this suit was filed June 20, 1907; a construction of said amendment in this cause that makes it apply to the record of the three deeds questioned in this cause (no proof of their execution being offered except their record, under the defective acknowledgments, attached to each of them) is to give said amendment a retroactive and retrospective effect, and such construction is unconstitutional and erroneous. Const., art. 1, sec. 16; Rockwall Co. v. Kaufman Co., 691 Texas, 172; Orr v. Rhine, 45 Texas, 352; Bender v. Crawford, 33 Texas, 750; Sherwood v. Flemming, 25 Texas, 428; Martin v. State, 22 Texas, 214; DeCordova v. Galveston, 4 Texas, 470; Sutherland v. DeLeon, 1 Texas, 304.

*Geo. H. Matthews* and *Blount & Garrison,* for appellee.

JAMES, Chief Justice.—This action is in trespass to try title. The facts are these: The land was patented to Wm. Goins as assignee. His administrator conveyed to Geo. Clevinger in 1860. Clevinger, in 1872, conveyed to H. C. Hancock. Hancock's administrator conveyed to N. Buckland in 1880. Following this the plaintiff's chain of title consists of a deed from N. Buckland and wife to Newman Brothers & Rivit in 1881; deed from Albert A. Rivit and wife to J. C. and L. Newman in 1881, and deed from J. C. Newman and wife to L. Newman, the plaintiff, in 1882. The members of the firm of Newman Brothers & Rivit were shown to have been J. C. Newman, L. Newman and A. Rivit.

The defendants took possession of the land about December 16, 1906, on which date a deed was executed by Ben Lazarine to defendants, and defendants have been in possession ever since. This action was filed in June, 1907.

The deeds from Clevinger down to plaintiff, as introduced, were from the records, they having been recorded over ten years prior to the entry and deed of defendants, and to three of these, as proper evidence, appellants complain in their brief. The assignments of error question the sufficiency of the acknowledgments to three of the deeds, and also question the applicability of article 2312, Revised Statutes, as amended by the Thirtieth Legislature (Acts of 1907, p. 308) to them, as permitting such evidence, inasmuch as defendants had entered into possession of the land before suit was brought, and their claim so asserted was adverse and inconsistent to the one evidenced by said instruments in the sense of the Act. They also assert that, to construe said statute as applying to said three deeds, is to give it a retroactive effect, which is unconstitutional, the Act having been passed after defendants had taken possession of the land under their deed from Lazarine.

We will consider first the assignments which go to the acknowledgments. Under them there is a single proposition to which appellants should be confined, and which we copy:

"A deed is not properly acknowledged, and is improperly admitted

to record, when executed by a man and wife, unless the man acknowledges, in substance, that he executed the same for the purposes and considerations therein expressed; and if the wife acknowledged it, the same must show her privy examination and explanation of the instrument to her, and that she, understanding it, voluntarily signed the same for the purposes and consideration therein expressed as her act and deed, and that she did not wish to retract it."

The first deed which is dealt with by the brief, through the above proposition, is that from N. Buckland and wife to Newman Brothers & Rivit. The objection or proposition, so far as it relates to N. Buckland, is that his acknowledgment should have shown that he executed the instrument for the purposes and consideration therein expressed. This objection is not valid. Butler v. Brown, 77 Texas, 342. So far as it relates to Mrs. Buckland, the proposition is immaterial to the title, for her signature appears not to have been essential to a conveyance of the land.

The second of said deeds is that from Albert A. Rivit and wife to J. C. and L. Newman. What is above stated applies equally to this, the proposition being the same, and also to the third, which is the deed from J. C. Newman and wife to L. Newman.

If the said acknowledgments should be defective in any other particular appellants are not entitled to have them considered here, as they are confined to a consideration of the propositions they make. When tested by the proposition the acknowledgments do not show defective registration.

We are also of opinion, from the fact that said instruments had been actually recorded for a period of ten years prior to defendants' assertion of title (prior both to the execution of the isolated deed from Lazarine to defendants and to defendants' entry), the acknowledgments, in so far as they appear to have been required for purposes of conveyance and registration, to wit, those of the husband, were cured by said Act, if defective; and further, that no constitutional right of defendants was affected by the enactment of such rule of evidence.

*Affirmed.*

Writ of error refused.