### HERRON v. HARBOUR.

No. 9381—Opinion Filed Feb. 18, 1919.

Rehearing Denied July 8, 1919.

(Syllabus by the Court.)

**1. Acknowledgment—Power of Attorney for Conveyances.**

By the provision of section 1163, Rev. Laws 1910, a power of attorney in fact for the conveyance of real estate or any interest therein must be acknowledged and recorded in the manner required by chapter 13 on Conveyances for the execution, acknowledgment, and recording of deeds or mortgages.

**2. Same.**

An acknowledgment in the technical legal sense in which it is used in section 1163, Rev. Laws 1910, means a formal declaration or admission before the officer authorized to take acknowledgments by the person who has executed the instrument that such instrument is his act and deed, and section 1179, Rev. Laws 1910, requires that such an acknowledgment by individuals must be substantially in the form prescribed in said section, and fully set out in the opinion.

**3. Same—Sufficiency of Certificate—Statute.**

In determining the sufficiency of a certificate of acknowledgment, technical rules of construction will not be applied. A substantial and not a literal compliance with the statute in the certificate of acknowledgment to a deed, mortgage, or contract relating to real estate is all that the law requires, and, although words not in the statute are used in the place of others, or words in the statute are omitted, yet, if the meaning of the words used is the same, or they represent the same fact, or if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole in-

strument, the acknowledgment will be held sufficient. Tested by this rule, the acknowledgment to the power of attorney set forth in the opinion is wanting in several of the material averments prescribed in the statutory form, and therefore is fatally defective.

**4. Principal and Agent—Power of Attorney —Defective Acknowledgment—Effect.**

Where the acknowledgment to a power of attorney is fatally defective, the instrument is invalid as against a third person.

**5. Covenants—General Covenants of Title— Breach—Effect.**

Where a grantor, under general covenants of title, sells and conveys land to a grantee of which he has no title, breach of the covenant occurs when made, and notes given for the purchase price are without consideration, and where defended against on this ground, are unenforceable. Nor is this rule affected by the fact that both parties knew of the lack of title.

**6. Vendor and Purchaser—Acquisition of Adverse Title by Purchaser—Reimbursement for Outlay.**

Where a purchaser acquires an adverse title which inures to the benefit of his vendor, the most that the purchaser can demand is to be reimbursed for his outlay; but he is entitled to be reimbursed for what he has paid out in acquiring the outstanding adverse or superior title and in perfecting the title of the vendor, together with interest, and the expenses necessarily incurred, such amount not to exceed, however, the value of the land.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by T. J. Herron against J. F. Harbour. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 57 Okla. 71, 155 Pac. 506.

Wilson, Tomerlin & Buckholts, for plaintiff in error.

J. H. Everest and R. M. Campbell, for defendant in error.

RAINEY, J. The record in this case discloses that Alice Wakefield and Ira C. Welborn, owners of an undivided one-half interest in a tract of land in Texas, executed to one W. C. Welborn a general power of attorney to convey said land, and that W. C. Welborn attempted to convey the same to the plaintiff, T. J. Herron, by warranty deeds, and that the plaintiff in turn attempted to convey said land to Harbour by warranty deeds, and this suit was instituted by Herron on the notes given by Harbour for the purchase price thereof.

The defense interposed by Harbour is that the title to the land attempted to be conveyed him by Herron was fatally defective,

and that the consideration has failed, for the reason that the power of attorney executed to W. C. Welborn by Ira C. Welborn and Alice Wakefield was not properly acknowledged. Although the action involves a Texas contract, the laws of Texas being neither pleaded nor proved, it is agreed the sufficiency of the acknowledgment must be tested by the laws of Oklahoma.

The acknowledgment to the power of attorney which is assailed by the defendant is as follows:

"Personally appeared before me, J. M. Carson, Jr., notary public in and for said county of Brazos, state of Texas, Mrs. Alice Wakefield, who acknowledged the above letter of attorney, whereof I have hereunto set my hand and seal this the 9th day of Oct. A. D. 1909.

"J. M. Carson, Jr., Notary Public. (Seal.)

"My commission expires 6—1—1912."

The Oklahoma statute with reference to the execution and recording of powers of attorney is section 1163, Rev. Laws 1910, which reads as follows:

"A power of attorney in fact for the conveyance of real estate or any interest therein, or for the execution or release of any mortgage therefor, shall be executed, acknowledged and recorded in the manner required by this chapter for the execution, acknowledgment and recording of deeds and mortgages, and shall be recorded in the county where the land is situated, and no deed. mortgage or release of a mortgage executed by an attorney in fact shall be received for record or recorded until the power under which the same is executed has been duly filed for record in the same office; and the recording of any deed, mortgage or release of mortgage shall be of no effect for any purpose until the power under which it is executed has been duly filed for record in the same office."

This provision requires a power of attorney to be acknowledged and recorded in the manner required in the same chapter for the execution, acknowledgment, and recording of deeds and mortgages, the chapter specified being chapter 13 on Conveyances, and section 1169 of said chapter, with reference to the necessity of acknowledgments in order to entitle the same to record, is as follows:

"No deed, mortgage or other instrument affecting the real estate, shall be received for record or recorded unless executed and acknowledged in substantial compliance with this chapter; and the recording of any such instrument not so executed and acknowledged shall not be effective for any purpose."

Section 1179 of the same chapter provides:

"An acknowledgment by individuals to any instrument affecting real estate must be substantially in the following form, to wit:

"State of Oklahoma, ——— County—ss. :

"Before me, ———, in and for said county and state, on this ——— day of ———, personally appeared ——— and ———, to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that ——— executed the same as ——— free and voluntary act and deed for the uses and purposes therein set forth."

Is the acknowledgment to the power of attorney fatally defective? An acknowledgment in the technical legal sense in which it is used in section 1163, Rev. Laws of 1910, supra, means a formal declaration or admission before the officer authorized to take acknowledgments by the person who has executed the instrument that such instrument is his act and deed. 1 Corpus Juris, p. 745.

From an examination of numerous cases, we find that the authorities are not all agreed as to the sufficiency of a certificate of acknowledgment to deeds and other contracts relating to real estate, due largely, we think, to the fact that the sufficiency of certificates of acknowledgment are generally tested and controlled by statutory enactments. In the absence of a mandatory statute, even where the statutes prescribe a form containing the averment of several facts in the certificate, the two essential averments to the validity of the certificate are the identity of the party who executed the instrument, and that he did, in fact, acknowledge it.

In Arkansas it is held that the omission from a certificate of the words "for the uses and purposes," or "the consideration and purposes therein set forth," is fatal, where no other words of similar import are used. Jacoway v. Gault, 20 Ark. 190, 73 Am. Dec. 494; Little v. Dodge, 32 Ark. 453.

In Tennessee it has frequently been held that the omission of the words "for the purposes therein contained" is fatal to the acknowledgment. Childers v. Wm. H. Coleman Co. et al., 122 Tenn. 109, 118 S. W. 1018; Currie v. Kerr, 79 Tenn. (11 Lea) 138.

On the other hand, the Texas courts hold that the omission from the certificate of acknowledgment of words conveying the same meaning is not a fatal defect. Ariola et al. v. Newman, 51 Tex. Civ. App. 617, 113 S. W. 157; Butler v. Brown, 77 Tex. 342, 14 S. W. 136.

The Supreme Court of Missouri, in the case of Gross v. Watts et al., 206 Mo. 373, 104 S. W. 30, 121 Am. St. Rep. 662, in holding that the failure to state in a certificate of

acknowledgment that the instrument was acknowledged as the free act and deed of the grantor did not render it insufficient, pointed out that, although the Missouri statutes prescribed a form to be used by the officer taking the acknowledgment, the statute was not mandatory, as it did not require the form to be used, but merely provided "it may be used." Our statute differs from the Missouri statute in this very material respect, and provides that the acknowledgment "must" be substantially in the form prescribed. Our statute is mandatory; but in determining the sufficiency of the certificate, technical rules of construction should not be applied. The certificate need not disclose a literal compliance with the statute. The correct rule is stated in Garton et ux. v. Hudson-Kimberly Publishing Co., 8 Okla. 631, 58 Pac. 946, where it is said:

"A substantial, and not a literal, compliance with the statute in the certificate of acknowledgment to a deed or mortgage of real estate is all that the law requires; and although words not in the statute are used in the place of others, or words in the statute are omitted, yet if the meaning of the words used is the same, or they represent the same fact, or if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole instrument, the acknowledgment will be held sufficient."

This is the prevailing rule. Schley v. Car Co., 120 U. S. 575, 7 Sup. Ct. 730, 30 L. Ed. 789; Bank v. Rauch, 5 Idaho, 752, 51 Pac. 764; Donahue v. Mills, 41 Ark. 421; Dickerson v. Davis. 12 Iowa, 353; Gray v. Kauffman, 82 Tex. 65, 17 S. W. 513; 1 Am. & Eng. Enc. Law (2d Ed.) p. 538.

In applying this rule it is necessary for us to determine whether the words employed in the certificate of acknowledgment under consideration convey the same meaning as the words used in the form prescribed by the statute, or so nearly the same as to substantially comply therewith. Assailing the sufficiency of this certificate counsel for defendant, in their brief, say:

"This purported certificate does not say that the grantor acknowledged the execution of the instrument. It does not in any way identify Mrs. Wakefield with such execution. It merely says that she acknowledged the above letter of attorney. Acknowledged it how and for what purpose? The certificate does not disclose. The same certificate might be made with reference to an utter stranger to the document. It might just as well be said, so far as the certificate discloses and so far as the language of the certificate is concerned, that Mrs. Wakefield acknowledged the instrument to be spurious as that she acknowledged it to be genuine; that she acknowledged it to be the act and deed of another, as the act and deed of herself. The so-called certificate does not show that the instrument referred to was her act and deed. It does not show that Mrs. Wakefield was known to the notary to be the person who executed the instrument or was proven to be such person."

This criticism seems to us to be quite appropriate, and we are of the opinion that the certificate is so entirely wanting in several of the material averments prescribed by the statutory form as to render it fatally defective.

It is asserted, however, that even if it is conceded (as we have found) that the acknowledgment is fatally defective, by virtue of section 1154, Rev. Laws 1910, found in the same chapter on Conveyances, a valid acknowledgment (or any at all) was not essential to the validity of the power of attorney. This section reads:

"Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage or contract relating to real estate as between the parties thereto, but no deed, mortgage, contract, bond, lease or other instrument relating to real estate other than a lease for a period not exceeding one year and accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided."

In the opinion of the majority of the court where a power of attorney is unacknowledged or where the acknowledgment is fatally defective it has no validity whatever, and the above provision was not intended to and does not apply. My own view is that since a power of attorney is a "contract relating to real estate," the above section applies to it the same as it would to a deed, mortgage, or other contract relating to real estate, and where the certificate of acknowledgment to a power of attorney is fatally defective, said power of attorney should be held valid, if called in question in an action between the parties to the instrument. But this provision does not help the plaintiff's case, for it specifically provides that any deed, mortgage, or contract relating to real estate is invalid as against third persons unless acknowledged and recorded as therein provided.

A third person is defined by section 2931, Rev. Laws 1910, to include "all who are not parties to the obligation or transaction concerning which the phrase is used." Now, the parties to the power of attorney are Ira C. Welborn and Alice Wakefield, by whom it was executed, and W. C. Welborn, to whom it was executed. Defendant Harbour was not a party thereto, but was a

third person within the purview of that term as employed in said section 1154, supra, and although the statutory definition of a third person excludes those who are parties to the transaction, as well as those who are parties to the obligation, Mr. Harbour is still out of range, for if it be conceded for the sake of argument (as it is not) that the power of attorney was executed by Ira C. Welborn and Alice Wakefield to W. C. Welborn with the intent and for the purpose of having W. C. Welborn convey the land therein described to Herron, and that he did in fact so convey it, and that under such circumstances Herron was a party to the transaction, such transaction was completed when Herron received his deed, and when he subsequently, pursuant to negotiations, attempted to convey the land to Harbour, such proceeding became a new and independent transaction. I, therefore, concur with the majority of the court in the view that the acknowledgment was invalid as to Harbour, although for different reasons, as just stated.

Such was the condition of the title at the time of the institution of this suit, and the defendant had the right to plead, as he did, that the deed from plaintiff to him did not convey the land therein described, and the notes given for the purchase price were without consideration and unenforceable in the action. Joiner v. Ardmore Loan & Trust Co., 33 Okla. 266, 124 Pac. 1073; Riddle v. Hudson, 68 Oklahoma, 172 Pac. 921. And the rule is applicable, notwithstanding the fact that both plaintiff and defendant knew of the defect in the title. Joiner v. Ardmore Loan & Trust Co., supra; Brown v. Taylor, 115 Tenn. 1, 88 S. W. 933, 4 L. R. A. (N. S.) 309, 112 Am. St. Rep. 811; Barlow et al. v. Delaney et al. (C. C.) 40 Fed. 97; Riddle v. Hudson, supra.

If the situation of the parties had continued as it existed at the time of the institution of the action, what we have said would dispose of this case, but the record further shows that subsequent to the first trial of this cause the defendant secured a good title to the land conveyed him by the plaintiff by obtaining quitclaim deeds from Mrs. Wakefield and Ira C. Welborn, and after the cause was reversed by the Supreme Court the plaintiff, by leave of court, filed his amended reply to the defendant's amended answer, and pleaded that by virtue of said quitclaim deeds any defect or irregularity complained of by the defendant had been completely cured. The quitclaim deeds, which were introduced in evidence, contained the following recital:

"That I (name of grantor) for and in consideration of the sum of ten ($10.00) dollars cash in hand paid by J. F. Harbour, receipt of which is hereby acknowledged, and the further consideration to perfect the title to the hereinafter described land, said defect in said title being a defective acknowledgment to a power of attorney which I made to W. C. Welborn, dated October 6, 1908, as recorded in Book 23, page 431, of the Deed Records of Reeves County, Texas, and to correct that certain deed by Ira C. Welborn by his agent and attorney in fact, W. C. Welborn, dated October 9, 1909, conveying to T. J. Herron the hereinafter described land, said deed recorded in Book 34, page 187, of the Deed Records of Reeves County, Texas, and to perfect the title to the hereinafter described land in J. F. Harbour, the grantee herein, the said T. J. Herron having heretofore, by deed dated October 28, 1910, conveyed the hereinafter described land to the said J. F. Harbour; and for the further consideration that the said J. F. Harbour, make payment of the consideration to the said T. J. Herron, as mentioned in said deed from T. J. Herron to the said J. F. Harbour as dated October 28, 1910, as aforesaid, have granted, sold, conveyed and quitclaimed and by these presents do grant, sell, and quitclaim unto the said J. F. Harbour, of the county of Oklahoma, state of Oklahoma, all my right, title, interest, and estate in and to the following described land in Reeves county, state of Texas, to wit."

Then follows the description of the land.

These deeds were delivered to and filed for record by the defendant, and, according to the recitals therein, he agreed to pay the plaintiff the consideration named in the original deed from the plaintiff to him. It also appears from the record that these deeds were executed by Ira C. Welborn and Mrs. Alice Wakefield pursuant to a contract entered into between W. C. Welborn and the defendant Harbour, wherein Mr. Harbour, for considerations named in the contract, was to purchase the other undivided one-half interest in said land from Mr. W. C. Welborn, together with other lands. For various reasons this contract could not be carried out promptly, and the grantors in the quitclaim deeds refused to deliver the deeds to Mr. Harbour until he conveyed them certain unincumbered lands to which he had title, and exceeding in value the sum claimed by the plaintiff to be due on the purchase price. Mr. Harbour positively testified that he was required to deed this land to Alice Wakefield and Ira C. Welborn in order to procure the correction deeds, and also to convey certain other lands to Mr. W. C. Welborn. While there is some evidence in the record to the effect that the quitclaim deeds recited the true consideration for their execution and delivery, the evidence, as a whole, amply supports Mr.

Harbour's contention that he paid a new and independent consideration to the grantors in the quitclaim deeds in excess of the notes executed to Mr. Herron as a part of the purchase price for the same land. The true consideration in a deed may be shown by parol.

It has uniformly been held that, where a vendor sells land, the title to which is defective and the purchaser is compelled to acquire an outstanding title which inures to the benefit of the seller, said purchaser is entitled to be reimbursed for what he has reasonably expended in acquiring the outstanding adverse or superior title. He is also entitled to interest and expenses necessarily incurred, the total amount not to exceed, however, the value of the land. Lewis v. Boskins, 27 Ark. 61; Smith v. Meek, 85 Ky. 46, 2 S. W. 650; Hardeman v. Cowan, 18 Miss. (10 Smedes & M.) 486; Kindley v. Gray, 41 N. C. 445; Stephens v. Black, 77 Pa. 138; Austin v. McKinney, 73 Tenn. (5 Lea) 488; Denson v. Love, 58 Tex. 468; Davis v. Jelks, 13 La. Ann. 432; Thredgill v. Pintard, 53 U. S. (12 How.) 24, 13 L. Ed. 877; 39 Cyc. p. 1630.

This case has been twice tried in the district court, each trial resulting in a judgment for the defendant, and there being no reversible error called to our attention in the briefs. the judgment is affirmed.

All the Justices concur.