**HINES, Director General of Railroads, et al. v. JORDAN.    (No. 2364.)**

(Court of Civil Appeals of Texas.    Texarkana.
Feb. 17, 1921.    Rehearing Denied
March 3, 1921.)

1. Appeal and error ⬯742(6)—Appellate court is not called on to review a finding not attacked.

The propriety of a finding not attacked by proposition in brief will not be reviewed.

2. Carriers ⬯93—Carrier delivering to compress company instead of the consignee held guilty of conversion and liable for its destruction by fire.

A carrier which delivered cotton to a compress company instead of the named consignee, taking a receipt from it to hold it for the consignee, was guilty of a conversion and liable for its destruction by fire while so held by the compress company.

3. Carriers ⬯94(3)—Finding that consignee did not waive carrier's misdelivery warranted.

In an action for destruction by fire of cotton delivered to a carrier for transportation and delivery to a named consignee, wherein it appeared the carrier delivered it to a compress company for the consignee, a finding that the consignee did not waive the misdelivery *held* warranted, where his own testimony that, when informed by a buyer of his having the cotton at the compress, he requested the buyer and others to go and look at it and say what they would give for it, was the only testimony tending to show it.

4. Estoppel ⬯52, 53—There can be no "waiver" unless it is intended or the opposite party is misled.

"Waiver" is an intentional abandonment of a known right, and there can be no waiver unless it is so intended by one party and so understood by the other or one party has so acted as to mislead the other and is estopped thereby.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waiver.]

5. Railroads ⬯5½, New, vol. 6A Key-No. Series—Government's agent only proper party after termination of federal control.

Where, at the time of trial, railroads had been returned to private ownership, the Director General is no longer a proper party to a cause of action for conversion, arising during federal control, but the action should proceed against the agent designated by the President pursuant to Act Cong. Feb. 28, 1920, and the United States is not a proper party except through said agent.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Action by A. M. Jordan against Walker D. Hines, Director General of Railroads, John Barton Payne, and the Texas & New Orleans Railroad Company. From a judgment against the United States and the two defendants first named, action having been dismissed as to the railroad company, the Director General and Payne appeal. Reversed as to the Director General and United States; affirmed as to John Barton Payne.

May 13, 1919, appellee delivered to the Director General of Railroads operating the Texas & New Orleans Railroad Company's line of railway at Reklaw 10 bales of cotton to be carried to Jacksonville and there delivered to Frank Devereux. The Director General carried the cotton to Jacksonville, but

instead of delivering it to Devereux delivered it to the Jacksonville Compress Company, taking from that company a receipt for each bale as follows:

"Jacksonville Compress Company. No. —.
"Jacksonville, Texas, May 16, 1919.

"Received of T. & N. O. R. R. Co. one bale of cotton for account of Frank Devereux. To be delivered only on return of this receipt and payment of all charges. Not responsible for loss by damage, fire or acts of Providence.

"Jacksonville Compress Company,
"[Signed] J. M. Hackett, Superintendent."

The cotton was destroyed by fire May 27, 1919, while the compress company was holding it under the arrangement with the Director General evidenced by said receipts and while the Director General was holding the receipt.

This suit by appellee was against the Texas & New Orleans Railroad Company, W. D. Hines as Director General, and John Barton Payne as the agent designated by the President, in compliance with the Act of Congress of February 28, 1920 (41 Stat. 461), for damages he suffered because of the loss of the cotton; and resulted, after a dismissal of the suit so far as it was against the Texas & New Orleans Railroad Company, in a judgment in appellee's favor against the United States and said Hines as Director General and Payne as agent for $1,260. The appeal was prosecuted by Hines and Payne.

It appeared from the testimony that appellee owned the cotton and that he shipped it to Devereux merely to sell for him. At the time he shipped the cotton appellee wrote Devereux a letter advising him of the fact. Devereux testified he "submitted the contents of the letter" to the agent of the Director General and asked him where the cotton would be delivered to him when it arrived, and was told by the agent it would be delivered at the Texas & New Orleans Railroad Company's depot. Several days later, Devereux testified, he was notified by said agent by telephone that the cotton had arrived. He then asked the agent where it was, and was told that it was "in the yard somewhere" and that he would let him know "when he got ready to deliver it." Several days still later, Devereux said, he was notified by the agent by telephone "that they had received," quoting, "the tickets for 10 bales of cotton for me from Reklaw." He never after that, he said, received any information or notice from the agent about the cotton, but on Friday or Saturday before it was destroyed on Tuesday was told by a cotton buyer that he had 10 bales of cotton at the compress. He then requested the buyer who gave him the information, and other buyers as well, to look at the cotton and make him an offer for it. Devereux further testified that if the cotton had been delivered to him he would at once have insured it against fire. It is not necessary to an understanding of the questions

made by the assignments and the ruling of the court thereon to refer to other testimony heard by the court.

Garrison, Pollard, Morris & Berry, of Houston, for appellants.

Norman, Shook & Gibson, of Rusk, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It is not contended in any of the propositions in appellants' brief that the delivery of the cotton to the compress was a delivery to the consignee Devereux. Therefore this court is not called upon to determine whether the finding involved in the judgment that there was no such delivery was warranted by the testimony or not. Ry. Co. v. Wood, 41 Tex. Civ. App. 226, 92 S. W. 259; Tel. Co. v. Vance, 151 S. W. 904; Ariola v. Newman, 51 Tex. Civ. App. 617, 113 S. W. 157; Boone v. Herald News Co., 27 Tex. Civ. App. 546, 66 S. W. 313; Ry. Co. v. Rowe, 224 S. W. 937.

[2] In effect the contention here is that it appeared as a matter of law that the cotton was not delivered to the consignee, but that appellants continued in possession of it after it reached Jacksonville and were holding it as warehousemen at the time it was destroyed by fire.

[3, 4] We think the contention is not tenable in the face of the receipts in evidence showing the cotton to have been delivered to the compress company "for account of Frank Devereux," the consignee. If the transaction between appellants and the compress company was what the receipts show it to have been, and there is nothing in the record which required the trial court or requires this court to find it was not, the cotton was delivered to the compress company to hold, not for the Director General, but for Devereux. If it was, then it was wrongfully delivered, and appellants were liable to appellee as for a conversion of it, within the rule applied in Ry. Co. v. Selcy, 31 Tex. Civ. App. 158, 72 S. W. 89, as determined by the trial court, unless it should be said that Devereux had waived the right to assert such liability and that appellee was bound by his act. The only testimony tending to show such a waiver by Devereux was his own that, having been informed by a cotton buyer that he had ten bales of cotton at the compress, he requested that buyer and others to go to the compress, look at the cotton, and say what they were willing to give for it. The judgment involves a finding by the trial court that Devereux did not waive the conversion; and we do not think we should say, as we must to set aside the finding, that the testimony referred to conclusively established to the contrary. "Waiver" is an intentional abandonment of a known right. "There can be no waiver unless so intended by one party and so understood by the other, or one party has so acted

as to mislead the other and is estopped thereby." 40 Cyc. 261; and see 27 R. C. L. 904 et seq. There is no testimony in the record showing that appellants knew that Devereux had requested the cotton buyer to look at the cotton. Hence, if he intended to waive the conversion, it did not appear that appellants knew it, and therefore it could not be said that appellants understood he intended to waive it; and certainly his request to the buyers to look at the cotton and bid on it did not operate as an estoppel against him in favor of appellants. As the trial court had a right to conclude Devereux did not waive conversion, it is not necessary to determine whether appellant would have been bound by his act if he had.

[5] The assignment attacking the validity of the judgment so far as it is against appellant Walker D. Hines as Director General of Railroads is sustained. At the time of the trial of the cause, to wit, in May, 1920, the Texas & New Orleans Railroad Company's line of railway had been returned to its owners, and the only proper party defendant was the appellant John Barton Payne, who had been designated by the President as the agent of the federal government to represent it in the defense of suits based on causes of action arising during the time the President operated railroads, in accordance with the requirement of the Act of Congress of February 28, 1920. And the United States also was not a proper party to the suit, except through said agent. 139 Cyc. 775.

The judgment will be reversed so far as it is against said Hines and the United States, and judgment will be here rendered that appellee take nothing as against them, and that they, respectfully, recover the costs incurred by them on this appeal. It will be affirmed so far as it is against said John Barton Payne as agent aforesaid.