## Samuel J. Gardner vs. Salmon Niles & al.

In an action on a bond with a penalty, judgment is rendered for the amount of the penalty, and execution issues for all damages sustained *at the time of the rendition of judgment.*

Where the defendant conveyed to the plaintiff by deed of warranty certain land, then incumbered by a mortgage and by an attachment of the equity, and at the same time gave a bond with a surety, that he would " within ninety days cause said mortgage deed to be cancelled, and all other incumbrances to be removed from said land, as by his deed he had covenanted ;" and where the *incumbrances had not been removed* by either party at the time *judgment was rendered* for the penalty, in an action on the bond commenced after the ninety days had expired, but the mortgagee had entered into the actual possession of the premises under a judgment on the mortgage, and the equity of redemption had been sold for a large sum ; *it was held,* that execution should issue for the amount of the conditional judgment on the mortgage and the amount for which the equity sold, and interest on those two sums.

This action of debt was commenced *Dec.* 21, 1835, on a bond from defendants to the plaintiff, dated *Dec.* 20, 1834, in the penal sum of $3000, with this condition, " that said *Niles* had on that day conveyed by deed of warranty to said *Gardner,* a certain lot of land, and that the same was incumbered by an outstanding mortgage from said *Niles* to *James Crosby,* and if the said *Niles* shall within ninety days cause said mortgage deed to be cancelled, and all other incumbrances to be removed from said land, so that the same shall be free from all incumbrances, as by his said deed to said *Gardner* he has covenanted, then this obligation shall be void, otherwise in full force." The facts were agreed by the parties, from which it appears, that since the commencement of this suit, an action had been commenced on the mortgage, a conditional judgment rendered thereon, *June* 23, 1836, for $1310,83, and that there was another note secured by the mortgage not then due ; that on *Sept.* 10, 1836, the mortgagee entered into the actual possession of the premises under his judgment, and has continued in possession ever since. When the deed and bond were made, *Niles'* right to redeem the land had been attached, and was duly sold on an execution against him, during the pendency of this suit, on *June* 24, 1837, for the amount of the judgment and expense of sale, $825,66. Neither plaintiff, nor defendant, has ever paid the sums

secured by the mortgage, or the amount for which the equity sold, or any part thereof. The plaintiff contended, that he was entitled to have judgment made up, and execution issue for the amount secured by the mortgage, and the amount for which the equity of redemption was sold, and interest thereon; and the defendants contended that the plaintiff was entitled to nominal damages only; and they submitted the case for the decision of these questions.

*C. Gilman* argued for the plaintiff, in support of his proposition, and cited *Waldo* v. *Fobes*, 1 *Mass. R.* 10.

*Blake* and *Garnsey*, for the defendants, argued, that the plaintiff was entitled to but nominal damages, and cited *Prescott* v. *Trueman*, 4 *Mass. R.* 627; *Wyman* v. *Ballard*, 12 *Mass. R.* 304; *Hunt* v. *Livermore*, 5 *Pick.* 395; *Davlin* v. *Hill*, 2 *Fairf.* 434; *Boynton* v. *Dalrymple*, 16 *Pick.* 147; 7 *Johns.* 358; 4 *Kent*, 476.

The opinion of the Court was prepared by

WESTON C. J. — The defendants have failed to comply with the condition of the bond, within the time limited, and they have not at any time removed the incumbrances therein embraced. The plaintiff then had a cause of action, at the time when the suit was commenced, and was at that time entitled to judgment for the penalty. It is insisted, that he can have execution only for the damages, which had then accrued. The practice of the courts has been otherwise. By the statute giving remedies in equity, statute of 1821, *c.* 50, § 3, the court, in suits upon such bonds, is to enter up judgment for the penalty, and to award execution for so much of the debt or damage, as is due or sustained at that time. Under a similar statute in *Massachusetts*, that time was held to refer to the time of the rendition of judgment, and not to the commencement of the action. The statute of 1830, *c.* 463, provides only upon this point, that when the issue is to be tried by a jury, upon breaches assigned, the damages are to be ascertained by their verdict.

It is further contended, that the plaintiff, not having removed the incumbrances, has sustained, and is entitled to only nominal damages. The condition contains a positive and affirmative engagement, on the part of the defendants, to remove the incum-

Gardner *v.* Niles.

brances, within a stipulated period. This differs from the covenant, usually found in deeds of conveyance, that the premises are free from all incumbrances. Cases therefore under such covenants, are not strictly analogous. In *Prescott* v. *Trueman*, 4 *Mass. R.* 627, which is a leading case, the incumbrance then under consideration, and others put by the court by way of example or illustration, were such as had neither been extinguished nor enforced ; for if the grantee had been actually evicted by a mortgagee, or by a party entitled to dower, it could not be said, that he had sustained only nominal damages.

In *Boynton* v. *Dalrymple*, 16 *Pick.* 147, the condition substantially was, that the grantee should not be disturbed in the enjoyment of certain lands, which had been conveyed to him, and it was held, that there was no breach, so long as he was not disturbed. In 4 *Kent*, 476, (2d ed.) upon covenants against incumbrances, he lays down the law to be, that if the purchaser has not removed the incumbrance, *and there has been no eviction under it*, he shall recover only nominal damages, inasmuch as it is uncertain whether he would ever be disturbed. Here the plaintiff has been evicted, and the incumbrance arising from the attachment, has become fixed. As he might have extinguished the mortgage, by paying the amount liquidated in the conditional judgment, and also the incumbrance created by the attachment, by exercising his right of redeeming the equity, by paying the amount for which it sold, those two sums, with interest thereon, constitute the measure of his damages ; and he is to have execution accordingly.

*Judgment for the plaintiff.*