BARTLETT, J.
—The trial court rendered judgment in favor of the plaintiff for the amount of the promissory note sued on, together with interest, less six cents, damages allowed to the defendant upon the counterclaim set up in his answer. The de *659 fendant insists that his damages should have been assessed at upwards of $400, instead of six cents, in which event there would have been a money judgment in his favor instead of against him, and this point presents the only question raised by the appeal. The facts concerning the defendant’s counterclaim, as found by the learned trial judge, were as follows: The plaintiff and his wife conveyed certain Baltimore property to the defendant, by a deed under seal, containing an affirmative covenant in these words:
“ There remains ori record a certain judgment of one Tyler against W. B. Bristor and another, one of the grantors of this property, which judgment George R Bristor covenants to pay and satisfy on demand."
The deed was duly delivered, the demand to pay and satisfy said judgment was duly made by the defendant, and at the time of the trial the judgment had not been paid or satisfied. Upon this state of facts, the court held that the damage for the breach of the covenant was nominal only, inasmuch as the defendant had not paid or been called upon to pay the judgment. Under the authority of Rector, etc. v. Higgins, 48 N. Y. 532, it would’seem that the defendant was entitled to a more liberal measure of damages. The covenant of the plaintiff was not a mere agreement to indemnify. It was a covenant to pay and satisfy. Where the contract is in this form, a breach gives the party for whose benefit the money was to be paid the right to recover the amount, whether he has yet paid anything himself or not. The rule which applies is clearly stated by Allen, J., in the case of Belloni v. Freeborn, 63 N. Y. 383, 390, which was an action on a bond, as follows *. “ Had this bond been conditioned solely to indemnify and save harmless from damages, by reason of the liability, the obligee, the recovery would necessarily have been limited to the actual damages sustained by him. He could only have recovered to the amount of actual damnification. When the bond is, as in this case, conditioned as well to pay the debt, or sum specified, as to indemnify and save harmless the obligee against his liability to pay the same, the obligee may recover the entire debt or demand, upon default in the payment, without having paid anything.” In behalf of the respondent the suggestion is made that it is by no means clear that the judgment to which the covenant relates actually remains unpaid. The evidence on this point, consisting in'part of records from the Maryland courts, is not very easy to understand, and the respondent will have an opportunity to litigate it anew, with the aid of additional proof, if he can furnish it, on the new trial which we feel obliged to order, in consequence of the error in respect to the measure of damages on the counterclaim.
Judgment reversed, and new trial ordered, with costs to abide the event.
All concur.