## CATHERINE BOHLCKE, Respondent, v. JAMES W. BUCHANAN, Appellant.

### St. Louis Court of Appeals, April 29, 1902.

1. **Covenant Against Liens:** DUTY OF COVENANTOR. An express covenant against a particular lien or incumbrance which the covenantor agrees to remove, gives a grantee in a deed a higher right than the mere indemnity against loss on account of a lien which is incident to the usual covenant against incumbrances generally.

2. ——: ——. And where there is a covenant to remove a particular lien, the right is to have it *removed,* and the covenantee is not deprived of a cause of action for more than nominal damages, until he himself discharges the incumbrance or is evicted.

3. ——: ——: TIME IN WHICH TO REMOVE INCUMBRANCE. And the obligee may insist on performance of the contract in the time stipulated, regardless of injury suffered.

Appeal from Stoddard County Circuit Court.—*Hon. James L. Fort,* Judge.

AFFIRMED.

*C. L. Keaton* with *Wommack & Mozley* for appellant.

(1) There is but one covenant sued on in the petition, to-wit: "It is understood that there is a deed of trust for

$1,200 on above land in favor of Herbert Harris, which the parties of the first part agree to pay;" and the non-payment of this by defendant personally is the only real breach assignable under the deed and pleadings. All else is restrained, abrogated, eliminated and annulled by this special covenant. Shelton v. Pease, 10 Mo. 473; Rawle on Cov. (5 Ed.), secs. 86 and 150, and cases cited. (2) In Halsey v. Reed, 9 Paige 446, 453, it was held in a case involving the principle under consideration, that if the mortgagor "had paid the amount of the bond and mortgage voluntarily to the present holders thereof, he would have had a right to demand an assignment of the same to enable him to enforce payment out of the premises." In Stillman v. Stillman, 21 N. J. Eq. 127, 129, it is expressly held that one may purchase his own mortgage on land that he has sold and through such purchase may render the bond unavailing, yet where lands are conveyed, as these were, subject to the mortgage as a part of the consideration, the mortgage is the principal security, and even if the mortgagor pays the bond, he is entitled to be subrogated as to the mortgagee and to be repaid out of the land what he has paid on his own bond. . . . In short, this is now a well-recognized feature of equity jurisprudence." Wayman v. Jones, 58 Mo. App. 318; Nelson v. Brown, 140 Mo. 590; Fitzgerald v. Barker, 70 Mo. 685; Orrick v. Durham, 79 Mo. 174; Sheldon on Subrogation, secs. 24, 26; Moore's Appeal, 88 Pa. St. 450; 51 N. Y. 333; Nelson v. Brown, 140 Mo. 580. (3) Under the pleadings and evidence in this case, plaintiff's cause of action depended upon the amount she had paid as surety of defendant, who had assumed her debt and deed of trust on the land conveyed to him, and if she had paid nothing, then she can recover nothing—has absolutely no cause of action whatever. "This question went to the very heart of the plaintiff's cause of action, because if he had paid no consideration it stands to reason he had suffered no damage, and was not enti-

tled to recover what he had not paid." Lambert v. Estes, 99 Mo. 608; Pratt v. Conway, 148 Mo. 295; Bank v. Edwards, 84 Mo. App. 462.

*Smith & Anthony* with *George Houck* for respondent.

(1)   The breach alleged in respondent's petition of the special covenant, *inter alia,* contained in the deed of Mercer and appellant to respondent, dated November 30, 1895, "that they would pay the deed of trust on the land for $1,200 in favor of Herbert Harris," manifestly, authorized the judgment of the lower court. Chinn v. Wagoner, 26 Mo. App. 678; 1 Sedgwick on Dam. (7 Ed.), p. 363, and note b; Rawle on Covenants (4 Ed.), pp. 93-94 and notes 1, 2; Am. and Eng. Ency. Law, p. 183, and citations under note 5; Thomas v. Allen, 1 Hill 146; Post v. Jackson, 17 Johns. 259; Scoby v. Finton, 39 Ind. 275.   (2)   There is a distinction to be noted between the ordinary covenant against incumbrances, and a contract to remove incumbrances, especially as to the measure of damages.   "The distinction is that where the covenant is simply one of indemnity, no right of action accrues under it, unless some damage is shown to have been inflicted.   But where the covenant is to do a particular thing in exoneration of the covenantee, or to indemnify him against liability, the right of action is complete as soon as there is a failure to perform, or the liability has been incurred.   Thus, in Lethbridge v. Mytton, 2 Barn. & Adolph. 772, which was an action by the trustees of the defendant's wife, on a covenant to pay off, within a twelve-month, certain incumbrances to the amount of 19,000 pounds, no special damage was laid or proved, and judgment having gone by default, the sheriff's jury gave nominal damages, but this was set aside by the Court of King's Bench, Lord TENTERDEN saying:   'If the plaintiffs are only to recover a shilling damages the covenant becomes of no value' and PARKE, J., added, 'The trustees were enti-

tled to have this estate unincumbered at the end of a year from the marriage; how could that be enforced, unless they could recover the whole amount of the incumbrance, in an action on the covenant.' And the distinction is perfectly settled on both sides of the Atlantic, though, at times, with some variety of decision as to the construction of the contract in the particular case." (3) The sale of the property, under the deed of trust, amounted to an eviction, which occurred sometime before the suit was instituted. The measure of damages is the amount of the incumbrance which B. & M. agreed to pay, and which was the computed value of a one-half interest in the land. This is the actual loss sustained by respondent. Kellogg v. Malin, 62 Mo. 433; Buren v. Hubbell, 54 Mo. App. 617; Blondeau v. Sheridan, 81 Mo. 553; Rawle on Covenants (4 Ed.), pp. 288 and 289; Winningham v. Pennock, Exr., 36 Mo. App. 695. (4) Respondent is entitled to recover singly for breaches of each of the common covenants contained in the deed, and declared on in his petition. (a) On the breach of the covenant of seizin. Hazelett v. Woodruff, 150 Mo. 540; Adkins v. Tomlinson, 121 Mo. 495; Dickson v. Desire, Adm'r, 23 Mo. 151; Rawle on Covenants (4 Ed.), pp. 319 and 321. (b) Against incumbrances. Kellogg v. Malin, 62 Mo. 433; Ward v. Ashbrook, 78 Mo. 517. (c) Their special warranty of title. On this covenant respondent ought to recover. Hazelett v. Woodruff, 150 Mo. 534; Davis v. Burns, 1 Mo. 264. (d) Respondent being the ultimate grantee at the time of the breach, which occurred when the land was sold under deed of trust that contained the words "grant, bargain and sell." Rawle on Covenants (4 Ed.), p. 213, and note 3; Blanchard v. Haseltine, 79 Mo. App. 252; 8 Am. and Eng. Ency. Law, p. 156, and note 3. (e) The measure of damages would be the sum paid by respondent for the land, which was $1,200, with interest from the fourteenth day of December, 1895, up to the date of

the judgment on September 11, 1901, at six per cent.   Haze-
lett v. Woodruff, 150 Mo. 535.

GOODE, J.—On the thirtieth day of November, 1895,
James W. Buchanan and Terry A. Mercer, and their wives,
executed a deed to Catherine Bohlcke for an undivided one-
half interest in a section of land in Stoddard county.   Be-
sides the statutory covenants imported by the words "grant,
bargain and sell" and express covenants, first, of indefeasible,
seizin; second, of good right to convey; third, against in-
cumbrances; and, fourth, of warranty, said deed also contained
the following special covenant:

"It is understood that there is a deed of trust, for twelve
hundred dollars on the above land in favor of Herbert Harris,
which the parties of the first part agree to pay."

Prior to September, 1895, the same section of land was
owned by Henry C. Bohlcke, husband of said Catherine
Bohlcke, or by Catherine herself.   The record is not quite
clear as to whom the title was in; but it seems to have been
regarded and treated as the wife's land.   It was incumbered
by a deed of trust for twelve hundred dollars held by the Mc-
Cormick Harvesting Machine Company or by Herbert Harris.
As well as we can tell from the abstracts of the evidence, the
note was given to the McCormick company but was owned by
Harris.   When it fell due Harris insisted on his money which
the Bohlckes were unable to pay.   Harris agreed to grant an
extension if Buchanan & Mercer, who were partners in the
real estate business in Dexter, Missouri, would stand good for
the debt.   Bohlcke applied to Buchanan about the matter and
an agreement was made (the exact terms of which are con-
tested) by which the entire section of land was conveyed to
Buchanan & Mercer and the latter parties executed their note
for twelve hundred dollars to Harris, dated the third day of
September, 1895, due three years after date and secured the
note by a deed of trust on the land in which F. L. Scofield was

trustee and Herbert Harris beneficiary. Said deed of trust was foreclosed, the debt not being paid by Buchanan & Mercer, and Catherine Bohlcke's land was thereby lost to her.

On the thirtieth day of November, the warranty deed containing the covenants which are the basis of this action, was executed by Buchanan and Mercer to Catherine Bohlcke for an undivided one-half interest in said section.

Mercer moved to Oregon, but before going conveyed to his partner, Buchanan, his undivided one-fourth interest in the land and the latter was sued after the foreclosure sale for failure to keep his covenants.

The exact issue of fact between the parties to this litigation is whether the section of land was conveyed to Buchanan & Mercer by the Bohlckes in order that said grantees might secure an extension of the deed Harris held against the Bohlckes with the understanding that Buchanan & Mercer as real estate agents were afterwards to sell the land and pay off the deed, they acting as merely accommodation makers of the note and deed of trust, or whether they agreed to buy one-half of the land and to take care of the debt of the Bohlckes to Harris as the consideration for it, so that the Bohlckes would have their half clear of incumbrance.

The contention of the respondent was that there was an outright sale of one-half the land to Buchanan & Mercer in consideration of their paying the debt the Bohlckes owed and that the entire tract was conveyed to them in order that they might make a note in their own names to Harris to take up the note he held against the Bohlckes, secure by a deed of trust on it said substituted note, then re-convey to Catherine Bohlcke an undivided one-half interest and protect her against the incumbrance.

The circuit court found the facts in favor of the plaintiff's contention and we think the evidence fully warranted that view. The warranty deed back to Catherine Bohlcke shows on it face an express covenant to pay off the incumbrance

to Harris, which was on the land the deed passed to her, so that her estate would be discharged of the lien; and Harris released the first deed of trust when he got the second. The testimony of Mercer supported plaintiff's theory, as did Henry Bohlcke's. It might be a serious question whether parol evidence could be admitted to establish such an understanding as Buchanan contended for in the face of the covenant contained in his deed; but the preponderance of the testimony is against the defense.

No declarations of law were asked and the only question is, whether under the evidence the judgment can be sustained?

We have been unable to understand how the legal proposition invoked by appellant's counsel in this case, can be applied to the facts. The argument is advanced that after the conveyance by Buchanan & Mercer to Mrs. Bohlcke, those grantors were merely sureties for the payment of the incumbrance on the land conveyed, and Nelson v. Brown, 140 Mo. 580, and several other cases, are cited in support of this position. Those decisions hold that where incumbered land is conveyed to a party and the deed recites that the grantee assumes and agrees to pay the incumbrance, the grantee becomes the principal debtor in respect to the incumbrance and the grantor a surety. But what have such cases to do with this one? Instead of Mrs. Bohlcke assuming the incumbrance to Harris and agreeing to pay it, the deed expressly recited that it was to be paid by the grantors. And how she could become a principal, or how the land could be primarily responsible for a debt which the grantors expressly covenanted to relieve it of, we are at a loss to discover. There can not be the slightest doubt about the judgment being for the right party, provided the arrangement between the Bohlckes and Buchanan & Mercer was as the plaintiff contended and as the court found. While it is true, no eviction of Mrs. Bohlcke was proven, there was testimony, and the court found, that she was never in possession of the premises after they were con-

veyed to Buchanan & Mercer, and that the defendant had been in absolute possession thereof ever since. Upon this proof, the plaintiff was entitled to judgment for substantial damages and the measure of the damages was the amount of the incumbrance Buchanan & Mercer agreed to pay, to-wit: twelve hundred dollars, with interest at the rate of six per cent per annum from the institution of this action. She was entitled to recover on the special covenant to relieve her land of the Harris incumbrance and her cause of action for substantial damages, she being out of possession, certainly accrued when the Harris deed of trust was foreclosed, thus rendering the title Buchanan & Mercer conveyed back to her worthless. It would be inconsistent with justice and common right to say Buchanan should escape liability because Mrs. Bohlcke never paid the incumbrance. An express covenant against a particular lien or incumbrance which the covenantor agrees to remove, gives a grantee a higher right than the mere indemnity against loss on account of a lien which is incident to the usual covenant against incumbrances generally. Where there is a covenant to remove a particular lien, the right is to have it *removed,* and the covenantee is not deprived of a cause of action for more than nominal damages unless he, himself, discharges the incumbrance or is evicted. The obligee may insist on performance of the contract in the time stipulated or in a reasonable time if none is stipulated, regardless of injury suffered. He is entitled to enjoy his land free from the incumbrance. Chinn v. Wagoner, 26 Mo. App. (St. L.) 678; Johnson v. Britton, 23 Ind. 105; Scobey v. Finton, 39 Ind. 275; Letheridge v. Mytton, 2 B. & Ad. 772; Loosemone v. Radford, 9 Mees. & Welsby 657; Furnas v. Durgin, 119 Mass. 500; Seligman v. Dudley, 14 Hun 186; Katy v. Allen, 22 Barb. 388; Rector Trinity Church v. Higgins, 4 Roberts 372.

An error was committed by the lower court in allowing excessive interest, but the respondent offers to cure that by

remitting the excess in this court. A remittitur has been filed in the sum of two hundred and fifteen dollars, reducing the recovery of the respondent to fourteen hundred and five dollars. This remission of damages is accepted and the judgment, as thus modified, is affirmed. The costs of the appeal are to be taxed against the respondent. *Bland P. J.,* and *Barclay, J.,* concur.