**Jennie Ledowsky and Rosina Rubin, Defendants in Error, v. Abraham D. Gordon and Jacob Gordon, Plaintiffs in Error.**

**Gen. No. 20,500.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed June 17, 1915.

## Statement of the Case.

Suit brought in the Municipal Court of Chicago by Jennie Ledowsky and Rosina Rubin against Abraham and Jacob Gordon to recover damages for breach of contract of warranty in and about the purchase of certain realty in the State of Indiana. On the trial the issues were determined in favor of the plaintiffs, and judgment entered for $538.43, to reverse which the defendants sued out a writ of error.

The plaintiffs purchased the property in question ''subject to all special assessments and taxes after the 18th day of October, 1910.'' Plaintiffs contended

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the defendants obligated themselves to convey the property free and clear of all special assessments and taxes levied or payable prior to the 18th day of October, 1910; that prior to that date certain street assessments amounting to $456.99, and interest thereon, had been levied and were payable prior to that date, for which the defendants were liable to the plaintiffs. In support of their contention plaintiffs offered in evidence an exemplified copy of the transcript of the special assessment for the paving of Jefferson street, town of Gary, Lake county, Indiana, including the property involved in this controversy. This copy purported to contain a record of all proceedings by virtue of which plaintiffs claim that the special assessment was levied and payable prior to October 18, 1910. The proceedings set forth therein cover the period from January 14, 1908 to October 12, 1909. The exemplified copy had attached to it a certificate of the city clerk of Gary, certifying "that the foregoing is a true and correct copy of the proceedings *in re* improvement of Jefferson street" between designated points. There was also attached to it certificates of various officials, to the effect that the person signing the preceeding certificate was the clerk of the city of Gary. The record did not show that the laws of the State of Indiana were introduced in evidence.

SONNENSCHEIN, BERKSON & FISHELL, for plaintiffs in error.

ISADORE S. BLUMENTHAL, for defendants in error; MENZ I. ROSENBAUM and MAURICE ALSCHULER, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 241*—*when exemplified copy of foreign special assessment proceedings inadmissible.* An exemplified copy of special assessment proceedings of an Indiana city is not admissible in the courts of this State, where the certificate of the city clerk attached to such copy does not show that the proceedings conformed to the laws of Indiana, and the special assessment laws thereof were not proven.

2. EVIDENCE, § 241*—*when exemplified copy of foreign special assessment proceedings inadmissible.* An exemplified copy of special assessment proceedings of an Indiana city is not admissible in the courts of this State, where the certificate of the city clerk attached to such copy does not show that the proceedings conformed to the laws of the former State.

3. COVENANTS, § 41*—*payment of assessment as condition to recovery for breach of covenant against taxes.* A grantee cannot recover more than nominal damages for the breach of a covenant against a special assessment without proving that it has been paid by him.

