## PERKINS v. GOOD.

No. 24209. March 16, 1937.

Armstrong & Murphy, for plaintiff in error.

Park Wyatt and Byron Lamun, for defendant in error.

PER CURIAM. This action was instituted in the superior court of Pottawatomie county by Fred Good, as plaintiff, against Homer E. Perkins and Knight Blanchard, as defendants. The action was for a money judgment on account of an alleged breach of covenant against incumbrances.

Petition of plaintiff alleged, in substance, that defendants had sold and conveyed to the plaintiff certain real estate in the town of Tecumseh; that the deed of conveyance expressly covenanted that said property was free and clear from all incumbrances, including assessments; that this covenant had been breached in that at the time of conveyance there existed unmatured paving assessments in the sum of $579.45, which were a lien on said property; that due demand had been made upon the defendants to discharge said lien and that they had refused and continued to refuse to do so, wherefore, the plaintiff prayed judgment for the amount of said assessments, with interest, attorney fees, and costs. The defendants filed an answer wherein, after general denial, they admitted that the deed in question had been executed by the defendant Homer E. Perkins, and that it contained a specific warranty or covenant against paving assessments, including unmatured installments; pleaded mutual mistake, and that contrary to the intentions of the parties the unmatured paving assessments were included in the covenants against incumbrances, and prayed that the plaintiff take nothing by his petition. Demurrer of the plaintiff to this answer was overruled and the plaintiff then replied with a general denial. The cause was tried to a jury. At the close of plaintiff's evidence a demurrer thereto on the part of Knight Blanchard was sustained and he was dismissed from the action. Demurrer of defendant Homer E. Perkins was overruled, and he then introduced evidence in support of his defense. Upon conclusion of the defendant's evidence the plaintiff demurred thereto and moved for directed verdict in his favor. The defendant likewise moved for directed verdict in his favor. The demurrer and motion of the plaintiff was sustained and the motion of the defendant was denied. The court thereupon directed the jury to return a verdict in favor of the plaintiff for the sum of $579.45, together with interest thereon at 10 per cent. from January 1, 1929, and the further sum of $100 attorney fees. The jury returned a verdict accordingly. The defendant Homer E. Perkins appeals from the judgment entered on the verdict and the order overruling his motion for a new trial. We will continue to refer to the parties in the order of their appearance in the trial court.

The essential facts are not in dispute. Defendant acting through his agent, E. E. Park, entered into a written contract of sale on February 20, 1928, whereby the defendant sold and the plaintiff bought certain property at an agreed price of $2,050. This contract provided that conveyance should be by general warranty and that the papers and earnest money should be placed in escrow pending the tender of a marketable title. Abstract of title was submitted to

the plaintiff and examined and approved by his attorneys. Defendant lived in Chicago and executed his deed on the form commonly used in that state, which included a special covenant against assessments. This deed was delivered to the plaintiff by the agent of the defendant, and at that time all of the taxes and matured paving assessments were paid and discharged, but the unmatured assessments for the years 1928, 1929, 1930, and 1931, remained as liens upon the property. The defendant subsequently tendered a warranty deed on an Oklahoma form, which was refused. The written contract made no specific reference to taxes or assessments of any kind. The testimony of the parties with respect to any specific agreement regarding the unmatured paving assessments was a direct conflict. Defendant testified that he had executed the deed inadvertently on an Illinois form and was unaware of the fact that it contained a special covenant against assessments.

At the trial plaintiff admitted that he had not paid any of the paving assessments after he had acquired the property. The questions formulated for our determination are whether a judgment for more than nominal damages can be sustained and whether the court committed error in sustaining plaintiff's request for a peremptory instruction.

Plaintiff's action was for injury sustained by reason of a breach of covenant against incumbrances. In this state the measure of damages in such case is purely statutory and is set out in section 9968, O. S. 1931, as follows:

"The detriment caused by the breach of a covenant against incumbrances in a grant of an estate in real property, is deemed to be the amount which has been actually expended by the covenantee in extinguishment of either the principal or interest thereof; not exceeding in the former case a proportion of the price paid to the grantor, equivalent to the relative value, at the time of the grant, of the property affected by the breach, as compared with the whole; or, in the latter case, interest on a like amount."

It will be observed that the provisions of the above section are effective only when the covenantee has actually expended money in the extinguishment of the incumbrance for whose breach damage is sought. The statutory rule is in accord with the overwhelming weight of authority. It has been uniformly held that where a covenant against incumbrances is breached through the existence of a mortgage, judgment, tax, assessment or other money lien against the premises, nominal damages only are recoverable as for a technical breach so long as the incumbrance remains unenforced and undischarged, and that in such case no actual damages arise in favor of the covenantee merely because of the existence of such incumbrance until he has actually paid it off or has been ejected because of it.

As said in Smith v. Thomas, 169 Ark. 1110, 278 S. W. 39:

"The measure of damages for breach of covenant against incumbrances is amount necessary to remove incumbrance, not exceeding consideration expressed in deed, and covenantee must first discharge incumbrance by payment unless he has actually lost estate in consequence of incumbrance."

The rule is tersely stated in the case of Ledowsky v. Gordon, 194 Ill. App. 442, as follows:

"A grantee cannot recover more than nominal damages for the breach of a covenant against a special assessment without proving that it has been paid by him."

See, also, Simon v. Williams, 140 Miss. 854, 105 So. 487, 44 A. L. R. 402, and the cases cited thereunder in A. L. R., supra. The plaintiff did not offer any evidence of anything more than a technical breach of covenant. Under these circumstances, he could not recover a verdict for more than nominal damages. The direction of a verdict for the amount of incumbrances, interest, attorney fees, and costs, therefore, was error. The rule which authorizes a recovery without prior payment where the covenant is to discharge incumbrances is not here involved and needs no discussion.

The mere fact that both parties moved for directed verdict did not constitute a waiver of trial by jury and did not require that either request should be granted. Such motions are subject to the same requirements as if made independently. See United States Casualty Co. v. Jackson, 173 Okla. 60, 46 P. (2d) 939.

In view of the fact that the judgment must be reversed for new trial, we do not consider the question of reformation of the deed for mutual mistake.

We deem it unnecessary to discuss the collateral question raised by the defendant in his supplemental brief, since the previous decisions of this court thereon became the law of the case.

Judgment reversed and the cause is remanded for further action not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.