## WELCH et al. v. UNITED STATES.

### No. 1920.

Circuit Court of Appeals, Tenth Circuit.

Dec. 19, 1939.

A. J. Welch, of Clinton, Okl., for appellants.

Roger P. Marquis, Atty., Dept. of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., and C. R. Denny, Atty., Dept. of Justice, of Washington, D. C., on the brief), for the United States.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On August 28, 1934, Andrew J. Welch and Cuba E. Welch, his wife, for an agreed consideration of $8,300, by warranty deed conveyed to the United States a tract of land in Clinton, Oklahoma, for a post office site. The deed contained the following provision:

"To Have and to Hold said described premises unto the said The United States of America, and its successors and assigns, forever, free, clear and discharged of and from all former grants, taxes, judgments, mortgages, mineral rights, easements, restrictions, leases, assessments, liens or encumbrances of whatsoever nature."

On the same date Andrew J. Welch, as principal, and C. H. McBurney and George A. Meacham, as sureties, executed and

delivered to the United States a bond wherein the premises conveyed were described and which was conditioned as follows:

"If, when payable, prompt payment shall be made, without expense to the United States, of all taxes of whatsoever nature, and all charges or assessments on any account whatsoever, now standing as a charge against any part of the above-described land, and of any taxes, assessments, or charges which cannot be ascertained, or computed, or paid at this time, but which, nevertheless, in the judgment of the United States Attorney in whose District said site is located, constitute a legal lien upon any part of the land comprised in said site; * * * then this obligation to be void; otherwise, to be and remain in full force and virtue."

At the time of the execution of the deed, special assessments had been made against the premises maturing in the years 1934 to 1937, inclusive, in the amount of $469.70. These assessments constituted a lien against the premises conveyed and were pledged for the payment of paving bonds maturing in the years 1934 to 1937, inclusive. The United States, without first having paid the assessments, brought this action to recover against Andrew J. Welch on the covenant of warranty and against Welch, McBurney and Meacham to recover on the bond the amount of such assessments, with interest and penalties from August 28, 1934, until paid. The trial court found that the abstract furnished to the United States by Welch did not disclose such unpaid installments; that the United States Attorney, at the time he approved the title, had no knowledge thereof and relied upon the representations of Welch that the property was free and clear of all encumbrances; that the principal and interest due on such paving assessments aggregated $731.64; and that the United States was entitled to recover $500 on the bond and the remainder on the covenant of warranty. From a judgment in favor of the United States for $500 against Welch, McBurney, and Meacham on the bond and against Welch on the covenant of warranty for $231.64, Welch, McBurney, and Meacham have appealed.

The assessments were made pursuant to Section 6234, O.S. 1931, 11 Okl.St.Ann. § 103, which in part reads as follows:

"* * * Such special assessments, and each installment thereof and the interest thereon are hereby declared to be a lien against the lots and tracts of land so assessed from the date of the publication of the ordinance levying the same, coequal with the lien of other taxes and prior and superior to all other liens against such lots or tracts of land, and such lien shall continue as to unpaid installments and interest until such assessments and interest thereon shall be fully paid, but unmatured installments shall not be deemed to be within the terms of any general covenant or warranty."

Counsel for appellants contends that the covenant in the deed is general and that the unmatured installments existing at the time of the execution and delivery of the deed are not within the covenant. The covenant is not general, but specific. It covers taxes, judgments, mortgages, mineral rights, easements, restrictions, leases, and assessments. The word "assessments" clearly comprehends paving assessments. Knight v. Clinkscales, 51 Okl. 508, 152 P. 133 and Patchell v. Garvin, 66 Okl. 184, 168 P. 423, are not opposed to this conclusion. The covenants there involved warranted against "charges" and "taxes" but did not, as here, expressly cover "assessments." The basis of the decisions is that the word "taxes" does not embrace local assessments and the implication is clear that had the covenants expressly covered assessments, contrary conclusions would have been reached.

Counsel for appellants contends that the finding of the court that the United States was not advised of the unpaid paving assessments was contrary to the evidence. Whether the United States had knowledge of the existence of the assessments is immaterial. Encumbrances which affect the title, as distinguished from those affecting physical conditions, are included in the covenant against encumbrances, regardless of the knowledge of the grantee at the time the conveyance was taken.[1]

Counsel for appellants further contends that the United States is not entitled to recover on the covenant because it has not

---

[1] Herron v. Harbour, 75 Okl. 127, 182 P. 243, 245, 29 A.L.R. 905; Joiner v. Ardmore Loan & Trust Co., 33 Okl. 266, 124 P. 1073, 1075; Barlow v. Delaney, C.C.Mo., 40 F. 97, 98; 14 Am.Jur., p. 547, § 100. See, also, Note, 64 A.L.R., page 1480.

paid the amount of the assessments. He predicates this contention on the provisions of Section 9968, O.S. 1931, 23 Okl. St.Ann. § 26, which reads as follows:

"The detriment caused by the breach of a covenant against incumbrances in a grant of an estate in real property, is deemed to be the amount which has been actually expended by the covenantee in extinguishment of either the principal or interest thereof; not exceeding in the former case a proportion of the price paid to the grantor, equivalent to the relative value, at the time of the grant, of the property affected by the breach, as compared with the whole; or, in the latter case, interest on a like amount."

■ The Supreme Court of Oklahoma considered the foregoing statute in Perkins v. Good, 179 Okl. 405, 65 P.2d 1218, 1219. The covenant in the deed in that case warranted that the property was "free and clear from all encumbrances including assessments." The covenant in the deed in the instant case warrants that the premises are "free, clear and discharged of and from * * * assessments." There is no substantial difference between the two covenants. The court held that, the covenantee not having paid the special assessments against the property, it was error to award judgment for the amount thereof, with interest, attorney's fees, and costs. The statutory rule is in accord with the general rule at law[2] that though a covenant against encumbrances is a covenant in praesenti, breached as soon as made if breached at all, if the breach is the existence of a mortgage, judgment, or other money lien against the premises, nominal damages only are recoverable, as for a technical breach, so long as the encumbrance remains undischarged and unenforced. In other words, no actual damages arise in favor of the covenantee by reason of the encumbrance, until he has actually paid it voluntarily or under compulsion, to save the property from forced sale, or has been evicted because of it.[3] While a different rule applies where the covenant is to pay and discharge the encumbrance,[4] here the covenant, is not to discharge, but that the premises are free, clear, and discharged.

Finally, counsel for appellants asserts that the United States was not entitled to recover upon the bond until it had paid the assessments. The bond is not conditioned to indemnify the United States against liability. On the contrary, it is conditioned expressly to make prompt payment, when payable, of all assessments on any account whatsoever standing as a charge against the land conveyed.

■ Where the covenant is to pay and satisfy an outstanding lien as distinguished from a mere covenant against encumbrances, the covenantee may recover the amount of the lien, although he has neither paid nor been called upon to pay anything on account thereof.[5]

■ The appellants, not having paid the assessments when they became due and payable, breached the condition of the bond and are liable to the United States up to the amount of the bond for the damages caused by the breach.

The judgment on the bond is affirmed. The judgment against Welch on the covenant in the deed is reversed, and the cause is remanded with instructions to dismiss the cause of action on the covenant without prejudice to a further action by the United States if and when it shall pay the amount of the assessments.

---

[2] Some jurisdictions recognize an exception in equity. See Note, 44 A.L.R., page 422, subdivision III.

[3] See cases cited in Perkins v. Good, 179 Okl. 405, 65 P.2d 1218; Simon v. Williams, 140 Miss. 854, 105 So. 487, 44 A.L.R. 402; Note, 44 A.L.R. 410.

[4] See cases cited Note 5, infra.

[5] Bohlcke v. Buchanan, 94 Mo.App. 320, 68 S.W. 92, 93; McAbee v. Cribbs, 194 Pa. 94, 44 A. 1066; Ingram v. Ingram, 71 Ill.App. 497; Bristor v. McBean, 1 App.Div. 217, 37 N.Y.S. 181; Belloni v. Freeborn, 63 N.Y. 383, 390; Pearson v. Richards, 106 Or. 78, 211 P. 167, 172; Hogan's Ex'r v. Calvert, Adm'r, 21 Ala. 194, 199; Booth v. Starr, 1 Conn. 244, 249, 6 Am.Dec. 233; Lathrop v. Atwood, 21 Conn. 117, 123; Gardner v. Niles, 16 Me. 279, 280, 281; Scobey v. Finton, 39 Ind. 275.

The rule is recognized in Perkins v. Good, supra, where the court said: "The rule which authorizes a recovery without prior payment where the covenant is to discharge incumbrances is not here involved."