## FRITZ MOTOR CO. v. GABERT et al.
### No. 12472.

Court of Civil Appeals of Texas. Fort Worth.
June 13, 1931.

Rehearing Denied July 18, 1931.

Kilgore & Rogers, of Wichita Falls, for appellant.

Slay & Simon, Cecil Rotsch, and E. E. Sanders, all of Fort Worth, for appellees.

DUNKLIN, J.

M. Gabert, doing business in the city of Fort Worth, was employed by Johnnie Pringle to do certain necessary repair work on an automobile owned by Pringle, and the value of the work so done by Gabert was $173.45. At the time the work was done, the Fritz Motor Company held a chattel mortgage on the car to secure the payment of 12 promissory notes executed by Pringle and Pat Sherman, aggregating the sum of $513.32, which was past due. Before Gabert did the repair work, he had notice of such mortgage by the prior filing thereof in the chattel mortgage records of Tarrant county, and also by actual notice conveyed to him by Pringle.

Before Gabert undertook to make the repairs on the car, Pringle, in his presence and hearing, called up the office of the Fritz Motor Company in Wichita Falls over long distance telephone, and Gabert heard him say to Mr. Fritz, the manager of that company:

"I have had a wreck with my car and I will have a note due, or it is due now, and if you can extend the notes I can have the car repaired and pay for it."

Pringle then reported to Gabert that Fritz had said in reply that it was all right to have the repairs made, and that he would extend the notes. Gabert further testified that he would not have placed the repairs on the car if Pringle had not told him that the Fritz Motor Company had authorized him to have the repairs made.

The Fritz Motor Company instituted a suit in the county court at law of Wichita county against Pringle and Sherman, the makers of the notes, to recover the amount due thereon, and for a foreclosure of its chattel mortgage upon the automobile; and sued out a writ of sequestration in that court, directed to the sheriff or any constable of Tarrant county, and acting under that writ, a constable of Tarrant county levied upon the machine, which was then held by Gabert under a claim of statutory mechanic's lien for the amount due for repairs made, and which Pringle had

failed to pay. After the officer making the levy had taken the machine into his possession, Gabert filed a claimant's affidavit and bond for trial of right of property under the provisions of title 125, of the Revised Civil Statutes of 1925, beginning with article 7402, and the car was then delivered to him by the officer who had levied the sequestration writ, and the oath and bond filed by Gabert was then returned to the county court at law of Tarrant county, in which court there was a trial of right of property as between Gabert and the Fritz Motor Company. And from a judgment establishing a mechanic's lien in favor of Gabert and decreeing the same to be superior to the mortgage lien of the Fritz Motor Company, which was also established, the Fritz Motor Company has prosecuted this appeal.

The trial was before the court upon an agreed statement of the case and of the facts proven, under the provisions of article 2280, of the Revised Statutes, which agreement is shown in the record here and embodies, among others, the facts recited above.

In answer to special issues, the jury found that: (1) Prior to the time that Gabert made repairs on the car, plaintiff's agent, Fritz, told Johnnie Pringle to go on and have the car repaired and plaintiff would extend the notes for 30 days, so as to give Pringle time to pay for it; (2) that, when Gabert replevied the car from the possession of the constable, its reasonable market value was $350, and at the time of the trial the market value of the car was $150.

It is the settled rule of decisions in this state that a chattel mortgage, when duly filed for record, takes precedence over a subsequent mechanic's lien, such as asserted by Gabert in this case, on personal property. American Type Founders' Co. v. Nichols, 110 Tex. 4, 214 S. W. 301; Holt v. Schwarz (Tex. Civ. App.) 225 S. W. 856; Texas Jurisprudence, Vol. 9, § 65. Gabert pleaded a waiver by the Fritz Motor Company of the right to claim the priority of the plaintiff's mortgage lien over the mechanic's lien which was given to Gabert by virtue of the terms of the statute, article 5503, Revised Statutes. The pleading presenting such waiver reads as follows:

"That prior to the doing of the work on said automobile, Fritz Motor Company authorized Johnnie Pringle (owner) to have said repairs made, and that had Fritz Motor Company not authorized the said repairs to be made, he would not have made the same, and that the Fritz Motor Company, by said authorization, waived its lien, if any it had, and that Gabert's lien was in all things superior to Fritz Motor Company's mortgage lien."

The principal contention presented by appellant is that the pleading just quoted, in connection with the agreed facts recited above, were not sufficient to support the trial court's finding that the Fritz Motor Company waived the priority of its lien in favor of Gabert's lien. Many authorities are cited by appellant announcing the general rule quoted from 40 Cyc. 261, in Hines v. Jordan (Tex. Civ. App.) 228 S. W. 633, 634, as follows:

"'Waiver' is an intentional abandonment of a known right. There can be no waiver unless so intended by one party and so understood by the other, or one party has so acted as to mislead the other and is estopped thereby.'"

Other authorities are cited announcing the further rule that one will not be held to waive a lien unless the intent be express or very plain and clear, and that the presumption is always against it, such as 17 R. C. L. 606; 26 Cyc. 673; McBride v. Beakley (Tex. Civ. App.) 203 S. W. 1137.

However, it is also a rule of decisions that a lien may be waived by implication as well as by express words. Medlin v. Hambright (Tex. Civ. App.) 225 S. W. 577; Harding v. San Saba National Bank (Tex. Civ. App.) 13 S.W.(2d) 121; McCarthey v. North Texas Loan Co. (Tex. Civ. App.) 101 S. W. 835.

In American Surety Co. v. Bay City Cattle Co. (Tex. Civ. App.) 268 S. W. 247, 251 (writ of error refused), it was held that the priority of a mortgage lien was waived in favor of a claim for pasturing cattle on the ground of implied assent of the mortgage holder that the lien for pasturage should take precedence over the mortgage lien.

The facts of that case are strikingly similar to the facts of this, and we approve the reasoning advanced, especially the quoted opinion of Judge Brewer, of the Supreme Court of Kansas, Case v. Allen, 21 Kan. 217, 30 Am. Rep. 425, reading as follows:

"Now, the lien of the agister is not the mere creature of contract; it is created by statute from the fact of the keeping of the cattle. The possession of the agister was rightful, and the possession being rightful, the keeping gave rise to the lien; and such keeping was as much for the interest of the mortgagee as the mortgagor. The cattle were kept alive thereby; and the principle seems to be, that where the mortgagee does not take the possession, but leaves it with the mortgagor, he thereby assents to the creation of a statutory lien for any expenditure reasonably necessary for the preservation or ordinary repair of the thing mortgaged. Such indebtedness really inures to his benefit. The entire value of his mortgage may rest upon the creation of such indebtedness and lien, as in the case at bar, where the thing mortgaged is live stock, and the lien for food."

While the Fritz Motor Company did not in express terms agree that a lien might arise in Gabert's favor for repairs, yet it knew that the repairs to be made would enhance the value of the property; it also knew

that when the repairs were finished, Pringle might not be able to pay for them, and that in that event a statutory lien in favor of Gabert would arise. If the repairs had been made upon the order of the Fritz Motor Company, clearly, it would be in no position to deny the priority of Gabert's lien over the mortgage lien; and we can perceive no reason why the same legal result would not follow from the plaintiff's authorization of the repairs through Pringle.

There was no error in sustaining Gabert's objection to the introduction of two letters written by his attorney to the Fritz Motor Company, in which it was stated that Gabert's lien was superior to the mortgage lien by reason of the failure of the plaintiff to record the mortgage. The contention made here is that since the claim of waiver of lien was not mentioned in those letters, it tended to contradict the plea of waiver later made in the trial of the case.

There is no merit in the assignment, since the facts are all agreed to, and whether or not there was a waiver depended upon those facts, rather than upon some erroneous conclusion of law theretofore expressed by counsel.

■ And since the court rightfully held Gabert's lien superior to the mortgage lien, the error, if any, in the action of the court in sustaining Gabert's exception to a pleading of the Fritz Motor Company seeking to recover the value of the use of the automobile while it was in Gabert's possession after he had replevied it was harmless.

■■ Furthermore, the Fritz Motor Company never had title to or possession or right of possession of the car. The car had been sequestered by it in its suit for debt and foreclosure of the chattel mortgage, but it was in custodia legis, and the foreclosure of the mortgage lien would not give the Fritz Motor Company right of possession of the car. And in the absence of possession or right of possession there could not, in any event, be a basis for recovery of the value of the use of the car as damages for being deprived of possession. Moreover, under its pleadings, the Fritz Motor Company could not recover more than its debt, with foreclosure of its lien, and court costs. Nor could there be any basis for a claim of damages against Gabert growing out of his act in recovering from the constable possession of the car under his claimant's bond, since article 5503, Revised Statutes, giving him a lien on the car for repairs made by him, also expressly conferred upon him the right to retain possession of the car until the repairs were paid for.

For the reasons noted, all assignments of error are overruled and the judgment is affirmed.

### On Motion for Rehearing.

Our attention is called to an error in the original opinion in the statement that "the trial was before the court upon an agreed statement of the case and of the facts proven." That statement is withdrawn; the fact being that the trial was before a jury and the agreed statement of the case and of the facts proven were filed for the purpose of enabling this court to determine whether there had been any error in the judgment, all as provided for in article 2280 of the Revised Statutes.

■ Appellant insists upon a ruling upon its assignment of error addressed to the charge of the court, reading as follows: "This case is submitted to you upon special issues, and you will, from a preponderance of the evidence, in this case, answer, * * *" followed by the special issues submitted, the first of which was: "Did plaintiff's agent, Fritz, prior to the car's repair, tell Johnny Pringle to go ahead and have the car repaired and plaintiff would extend the notes for thirty days so as to give Pringle time to pay for it?" To which the jury answered "Yes."

The complaint made is that the preliminary instruction quoted had the effect to place the burden of proof upon the plaintiff to find the facts relied on by the defendant as a waiver by the plaintiff of the priority of its mortgage lien to the lien claimed by Gabert.

Issue No. 1 was in exact accord with the agreed facts filed here as having been established by the evidence.

We did not discuss the assignment because we were unable to perceive how the charge could possibly have worked harm to appellant. However, we will now say that the error, if any, in the instruction, was harmless, and the assignment addressed to it is accordingly overruled.

We do not believe that our decision in the present suit is in conflict with the case of Commercial Credit Co. v. Brown (Tex. Com. App.) 284 S. W. 911, referred to in Vol. 9, Tex. Jur. Sec. 65, and American Type Founders' Co. v. Nichols, 110 Tex. 4, 214 S. W. 301. The distinguishing feature of this case from those authorities is the issue of waiver, which we held was conclusively established in appellee's favor by the fact found by the jury in answer to special issue No. 1. We expressly recognize the rule that in the absence of waiver the appellant's chattel mortgage was superior to the statutory lien claimed by Gabert. In the agreed statement of the case and of the facts proven, signed by counsel, the following occurs:

"M. Gabert proved by competent evidence that on March 7, 1928, Johnny Pringle requested him to repair the automobile described which was wrecked. That Pringle advised Gabert that Fritz had a mortgage upon the car but stated that if Fritz would extend the Pringle notes he would let Gabert repair the car and he would pay for it. That Pringle only wanted the car repaired if Fritz would make an agreement to extend the notes and

give him time. That in Gabert's presence Pringle called Mr. Fritz of Fritz Motor Company and Gabert heard Pringle say:

" 'I have had a wreck with my car and I will have a note due or it is due now and if you can extend the notes I can have the car repaired and pay for it.'

"Pringle told Gabert after the conversation that Fritz said it was all right and he would extend the notes. Gabert testified that he would not have placed the repairs on the car if Pringle had not told him (Gabert) that the Fritz Motor Company had authorized him (Pringle) to have repairs put on 'and that' he (Gabert) would not have gone ahead and put the repairs on the car if Pringle had not telephoned and had the conversation he (Pringle) had.

"Gabert repaired the automobile and the reasonable value of the parts and labor was $173.43 and has not been paid."

The agreed statement contains this further testimony of Johnny Pringle with reference to the telephone conversation he had with Mr. Fritz:

"I told him that my wife had torn up my car and that I wanted to get Mr. Gabert to fix it up for me, but that I did not want them to take it away from me under their mortgage before I could get it paid for, and that I wanted them to extend their notes for thirty days. Mr. Fritz said:

" 'All right, go ahead and have it fixed and we will extend the notes so as to give you time to pay for it.' "

The Fritz Motor Company offered no testimony to contradict that copied above.

Our conclusion was that the facts found by the jury in answer to issue No. 1 conclusively established the waiver pleaded by the defendant, as a matter of law, and we believe that conclusion to be well sustained in principle by the opinion in American Surety Company v. Bay City Cattle Co. and many other authorities there cited on the question of implied waiver.

The motion for rehearing is overruled.