## LINDSEY v. MONROE.

### No. 8264.

Court of Civil Appeals of Texas. Austin.
June 17, 1936.

Rehearing Denied July 15, 1936.

M. G. Cox, of Cameron, for appellant.

Wallace & Wallace, of Cameron, for appellee.

BAUGH, Justice.

Appeal is by Lindsey only from a judgment in favor of Monroe against G. A. Eproson for past-due salary in the sum of $280.30, and for foreclosure of a laborer's lien on certain apparatus and equipment used as a part of a telephone exchange in the town of Burlington, in Milam county, Tex., to the extent of $160, which exchange had been purchased by Lindsey at a foreclosure sale. No complaint is made as to the judgment against Eproson. Lindsey's contention is that Monroe was not entitled to foreclose any lien on any of said property, or if so, to the extent of $80 only.

The following facts appear: On February 5, 1932, Allen Gray, who then pur-chased such telephone exchange from Lindsey, executed a chattel mortgage thereon to secure the payment of a note for $1,940.-69 given by him to Lindsey. This mortgage was duly recorded and covered "all wire, cables, poles, lines, switch-boards, telephone boxes, instruments, appurtenances, batteries, appliances, both installed and not installed, and all property that may be used for the purpose of maintaining, operating and carrying on the business or operation of said Burlington Telephone Exchange, etc." On September 26, 1932, Gray sold said exchange, etc., to Eproson, who assumed the payment of the note to Lindsey, and on the same date executed a like chattel mortgage on said properties to secure such debt. This mortgage was not placed of record, but it seems that Monroe knew of its existence at the time or soon after Eproson employed him on April 9, 1933, to operate said plant, keep it in repair, etc. In September, 1933, Eproson was in default on said debt, and Lindsey brought suit on said note and for foreclosure of his mortgage lien. Judgment was rendered in his favor on March 7, 1934, against Eproson for $2,381.70, and for foreclosure; the sheriff levied on said plant on April 9, 1934, and sold same to Lindsey on June 5, 1934. The price the exchange brought at the sheriff's sale is not shown, but the court found that the value of the plant at that time was only $1,500, so we assume that it did not bring the full amount of judgment. Monroe's employment ceased on April 9th, when the sheriff levied on it under the order of sale, but at the sheriff's sale he appeared and gave notice of his claim and lien. His claim was for 3½ months' salary immediately prior to said April 9, 1934.

While Monroe sought foreclosure of a laborer's lien on all of said properties in his original petition, upon answer of Lindsey setting up priority of the mortgage lien which he had foreclosed and its superiority to the asserted laborer's lien, Monroe by supplemental petition limited his prayer to certain equipment and fixtures purchased by Eproson subsequent to the date of said mortgage and sought foreclosure only as to such added equipment. The court took the view that subsequently purchased equipment and material were not covered by the mortgage but were subject to the laborer's lien and foreclosed same accordingly.

Several grounds of error are asserted by appellant, but we have decided that this one question is conclusive of the case, and therefore pretermit a discussion of the other contentions made.

■ While the mortgage does enumerate several kinds of equipment going to make up the exchange, it does not undertake to particularize as to the number or character of each. It was the manifest purpose we think to give a lien on the entire plant as a whole and as a going concern. It is obvious that the separate articles of equipment, material, apparatus, etc., apart from the exchange as an operating unit, would be of little value. And the exchange, unless kept in repair and adequately equipped by replacement of worn out materials, would soon depreciate and lose its value as security for such note, which appears to have been given as part of the purchase price therefor. Since Eproson was in possession of the exchange, operating it for his use and benefit, and using the proceeds therefrom, it was his duty to keep it in repair. The trial court found that the equipment, materials, etc., on which foreclosure was decreed, on the ground that same were not covered by the mortgage, were placed "in said exchange, in reconditioning same, * * * which are now a part of said telephone plant, etc." And same were apparently placed in said exchange prior to Eproson's default in the payment to Monroe of his salary.

■ We think there can be no doubt but that the prior mortgages both of Allen and Eproson, under their express language, the purposes for which they were executed, and the uncontroverted facts and circumstances, included within their terms, and covered, the properties on which the trial court awarded appellee a foreclosure. That being true, appellant's lien, of which appellee had both actual and constructive notice, was prior and superior to that of appellee. American Type Founders' Co. v. Nichols, 110 Tex. 4, 214 S.W. 301; Wagner Supply Co. v. Bateman, 118 Tex. 498, 18 S.W.(2d) 1052; Fritz Motor Co. v. Gabert (Tex.Civ.App.) 41 S.W.(2d) 72. And since the sale of said property under the mortgage obviously did not bring a sufficient sum to discharge the first lien, the purchaser at such sale acquired same discharged from appellee's subordinate lien. That being true, the trial court erred in foreclosing said lien on the property involved.

For the reasons stated the judgment of the trial court in favor of Monroe against Eproson is affirmed. In so far as it decrees a foreclosure of a laborer's lien against the property of Lindsey the judgment is reversed, and judgment here rendered that appellee take nothing.

Affirmed in part, and in part reversed and rendered.