**COCA COLA BOTTLING CO., Inc., OF BLYTHEVILLE, ARK., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 12184.

Circuit Court of Appeals, Eighth Circuit.

April 27, 1942.

F. E. Hagler, of Memphis, Tenn., for petitioner.

J. E. Garvey, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Harry Marselli, and

Arthur A. Armstrong, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This matter is before us on petition to review a decision of the United States Board of Tax Appeals which sustained a surtax of $5,659.99, determined by the Commissioner, on the undistributed profits of petitioner for 1936. The Commissioner disallowed deductions amounting to $42,-780.27 claimed on petitioner's income and excess profit tax return for 1936, "because not computed in accordance with the provisions of Section 26(c)(1) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 836, and because the contract on which it was based was not such as complied with the provisions of this section of the law and Article 26-2, Regulations 94, pertaining thereto." In its appeal to the Board of Tax Appeals from the Commissioner's disallowance of these deductions and determination of a deficiency, petitioner alleged error in disallowing a credit in the amount of $42,780.27, claimed on account of a contract restricting dividend payments, alleged that there was a contract dated January 1, 1932, which by its express terms restricted the payment of any dividends prior to the payment of a debt to J. A. Leech, and that the minutes of the directors' meeting of January 1, 1932, recited and acknowledged this contract as so restricting the payment of dividends; that on December 31, 1936 there remained due and unpaid to J. A. Leech a balance of $55,884.50.

The Commissioner answered, denying that he had committed error as alleged in the petition, denied that there was a contract restricting the payment of dividends as alleged, and denied generally the allegations in the petition not admitted or qualified. The answer contained no affirmative defense and no allegation of an alleged waiver of the provision of the contract claimed by petitioner.

The facts are not disputed, and so far as here material they are substantially as follows:

Petitioner is an Arkansas corporation organized in 1932. It acquired the Coca Cola Bottling business previously conducted by J. A. Leech, by issuing $10,000 of its capital stock to him and executing a demand promissory note for $45,884.50 in his favor, dated January 1, 1932. Since its organization, petitioner's capital stock has been continuously held by J. A. Leech, 94 shares; A. F. Leech, 5 shares; and H. H. Brooks, 1 share. The stockholders were also the directors and officers of the company. The minutes of the meeting of the stockholders and directors held January 1, 1932, contained resolutions reciting the acquisition of the business formerly conducted by J. A. Leech, provided for the giving of proper evidence of indebtedness for the deferred payments, and provided that, "his (J. A. Leech) debt to be paid prior to the payment of any dividends." Prior to May 1, 1936, probably in September, 1934, petitioner, as party of the first part, and J. A. Leech, as party of the second part, executed a written contract which recited many of the business transactions between the petitioner and J. A. Leech and then provided as follows:

"In making the various advances and loans to first party by second party it was understood and agreed by and between the parties and with the stockholders of first party that second party would be paid his debt as promptly as convenient and possible and before the payment of any dividends. Such an arrangement was set up in the minutes of the stockholders' meeting held January 1, 1932.

"It has also been agreed and understood by and between the parties that it has been and will be necessary to enlarge the present buildings, to install new machinery and to make other improvements, and therefore it will be necessary to create and build up a surplus known as an expansion and building fund.

"It is therefore agreed and understood by and between the parties hereto that the sums hereinbefore described as being due to second party will be repaid to him with annual interest at six per cent from the respective dates of the loans and advancements; that the principal and interest will be repaid to second party before the payment of any dividends; that the expansion and building fund herein mentioned may and will be created from time to time as the parties hereto may direct."

Prior to December 30, 1936, the petitioner had paid no dividends. The minutes of a special meeting of its Board of Directors on December 30, 1936, show that at that meeting the only business considered by the directors was "the apparent necessity of the

corporation declaring and paying a dividend, due to the newly enacted Federal Income Tax law, which puts a penalty or a surtax on undistributed profits." The minutes further recite in part:

"A general discussion was entered into by all present. The action of both the board and the stockholders at previous meetings in instructing that no dividend payments were to be made until J. A. Leech was paid in full and until the new building and machinery were fully paid for, was discussed at length. J. A. Leech also brought to the attention of those present that he has the corporation's contract that no dividends are to be paid until his account is paid in full. He, however, after much discussion, advised that it was his opinion that the former actions of the board and stockholders should be ignored and that the corporation should pay a dividend to avoid a heavy tax penalty.

"J. A. Leech advised that he had discussed this matter very fully with the corporation's attorney * * * and the corporation's auditor * * * and that it was also their opinion a dividend should be paid. Those present were advised of the fact that all of the year's net profit must be paid out in dividends or the corporation would be taxed on all profits that were not paid out. J. A. Leech advised, however, it was his opinion that income taxes and his debt could be deducted from the profits before paying a dividend.

"H. H. Brooks (vice-president) stated the 1936 profits would, in his opinion, amount to $80,000.00. With J. A. Leech's account approximately $40,000.00 and income taxes approximately $10,000.00, Mr. Brooks stated there would be $30,000.00 left for dividend purposes. Objection was immediately raised to paying this much cash dividend, as it was thought that all available cash and bonds would be needed to pay for the new building and machinery.

"J. A. Leech then stated he was firmly of the opinion that this dividend should be paid at once and offered to take H.O.L.C. bonds, owned by the corporation, as part payment of his dividend. After discussion, it was moved, seconded and unanimously ordered that a $30,000.00 dividend be paid today, of which $9,850.00 should be paid in cash, and $20,150.00 in H.O.L.C. bonds."

In computing the deficiency, the Commissioner disallowed the claimed credit of $42,780.27, but allowed a dividend paid credit of $30,000.00, leaving undistributed net income of $36,270.20, subject to surtax.

Based upon the foregoing evidence and findings, the Board held that the contract executed by the petitioner on May 1, 1936, contained a provision which expressly dealt with the payment of dividends, but held that there was a mutual waiver of this contract provision as to the payment of dividends in 1936, and that the waiver of the contract restrictions deprived petitioner of a credit under Section 26(c)(1). The Board therefore affirmed the decision of the Commissioner, two members of the Board dissenting.

Section 14 of the 1936 Revenue Act, 26 U.S.C.A. Int.Rev.Acts, page 823, imposed a general surtax on corporate profits earned but not distributed as dividends during the year. Section 26(c)(1) of the Act relieved from such a surtax in the event the corporation could not distribute such dividend "without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends." As has been observed, the Commissioner held that there was no such contract, but the Board specifically found that there was such a contract. However, the Board concluded that the provision of the contract which prohibited the payment of dividends had been mutually waived by the parties thereto. The answer of the Commissioner did not plead waiver, and it was not an issue before the Board. In effect, the Board found that the Commissioner was in error on the only issues presented by the appeal but sustained his decision on the theory of waiver, an issue entirely foreign to the contention of the parties and one on which the petitioner has not had his "day in court."

 The sole issue now presented is that of waiver. While it is true that Section 26(c)(1) grants an exemption, and hence, must be strictly construed (Crane-Johnson Co. v. Commissioner, 8 Cir., 105 F.2d 740), the present controversy does not involve a construction of this or any other revenue statute. The Board did not find as a fact that there had been a waiver but inferred or concluded as a matter of law that on the facts found a waiver resulted. The burden of proving such a waiver was manifestly upon respondent. To constitute a waiver, there must be a known existing right or advantage and an actual intention to relinquish it, or such conduct as to war-

rant an inference of relinquishment. Purington Paving Brick Co. v. Metropolitan Paving Co., 8 Cir., 4 F.2d 676; Champion Spark Plug Co v. Automobile Sundries Co., 2 Cir., 273 F. 74. Where, as in the instant case, the waiver is not an express one, but must be inferred, it is essentially a matter of intention. It must be indicated in some unequivocal manner, and the burden of proving it is upon the person who alleges its existence, and it must be proven by evidence that does not leave the matter doubtful or uncertain. Lehigh Valley R. Co. v. Providence-Washington Ins. Co., 2 Cir., 172 F. 364; Rice v. Fidelity & Deposit Co., 8 Cir., 103 F. 427; Fritz Motor Co. v. Gabert, Tex.Civ.App., 41 S.W.2d 72.

■ Turning now to the facts and circumstances from which the Board inferred that this provision of the contract had been waived and completely disregarded, we find that at the special meeting of the Board of Directors called for the purpose of considering the apparent necessity of declaring and paying a dividend, due to the newly enacted tax law which put a penalty or surtax on undistributed profits, the problem was discussed and its solution sought. There were undistributed profits amounting to $80,000.00, while the debt owed Mr. Leech amounted to only $42,780.27. Anything above that amount, plus an amount sufficient to pay the income taxes, which was approximately $10,000.00, could be distributed as dividends or otherwise, without in any manner jeopardizing the debt of Mr. Leech or prejudicially impairing his contract. He called attention to the fact that he had a contract that no dividends were to be paid until his account was paid in full, but he advised, according to the record, that the former action of the board and stockholders should be ignored and that the corporation should pay a dividend to avoid paying a heavy tax penalty, not that the company should pay a dividend in such an amount as to absorb the entire undistributed profits. "J. A. Leech advised, however, it was his opinion that income taxes and his debt could be deducted from the profits *before paying a dividend.*" (Italics supplied.) He was not proposing a complete disregard of the contract, nor a waiver of the actual security which it afforded him. Mr. Brooks, the vice-president, on reporting the financial condition of the petitioner at this meeting, pointed out that after retaining in the surplus account an amount equivalent to the debt

owed Mr. Leech, plus the income taxes, "there would be $30,000.00 left for dividends." This clearly recognized and gave practical effect to the restriction against paying of dividends to the extent that there was retained ample funds to secure the payment of the debt to J. A. Leech. If there was a waiver, it was a waiver only to the extent of $30,000.00. If this breached the petitioner's contract, it would be a breach resulting in no damages and when Leech consented to the payment of the $30,000.00 in dividends, it is doubtful whether he relinquished any substantial right. It is clear that the parties, having in mind the requirements of the law, did not intend to relinquish the provision of the contract against the payment of dividends as it affected the funds held for the purpose of paying taxes and the Leech debt. It is unreasonable to infer that the parties intended to waive the contract so as to create a liability for a penalty for which it was not liable so long as the contract was not waived.

The decision of the Board of Tax Appeals is therefore reversed and the cause is remanded with directions to enter an order reversing the decision of the Commissioner, and determining that there is no deficiency due from the taxpayer for the calendar year 1936.